FRANK T. HEFFELFINGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 41145, 44852, 53881, 63407, 69694, 73479.

Promulgated August 20, 1935.

*James B. Templeton, Esq.*, for the petitioner.
*E. L. Corbin, Esq.*, for the respondent.

OPINION.

MURDOCK: The deficiencies determined by the Commissioner and the appropriate docket numbers are shown in the following table:

| Docket No. | Year | Deficiency | Docket No. | Year | Deficiency |
|---|---|---|---|---|---|
| 41145 | 1924 | $6,595.50 | 53881 | 1928 | $3,220.14 |
| Do | 1925 | 3,777.17 | 63407 | 1929 | 3,209.55 |
| Do | 1926 | 3,704.93 | 69694 | 1930 | 3,005.07 |
| 44852 | 1927 | 2,915.05 | 73479 | 1931 | 2,704.85 |

The cases were consolidated for hearing and a stipulation was filed which settled some of the original issues and set forth the facts upon which others were to be decided. The petitioner has stated that the issues raised by him have been settled except for the question of " whether or not any part of the income of a trust created by the petitioner on December 30, 1922 is taxable to the petitioner." Since all of the facts relating to that issue have been stipulated, no findings of fact are necessary in that connection.

The petitioner, an individual residing in Minneapolis, Minnesota, created an irrevocable trust on December 30, 1922, and transferred to it 1,700 shares of the preferred stock of a domestic corporation. A bank was named trustee. The income from the trust was to be used to pay the annual premiums on a 10-year endowment policy of insurance on the life of the petitioner. His daughter was the beneficiary of the trust and of the policy of insurance. The income of the trust in excess of the premiums and expenses was to be accumulated and added to the corpus of the trust. The petitioner reserved to himself no rights under the trust or under the policy of insurance.

The following table shows the annual income received and the premiums and expenses paid by the trust:

| Year | Dividends | Interest | Total income | Trustee fees | Net income | Premiums paid |
|---|---|---|---|---|---|---|
| 1924 | $10,200 | $76.43 | $10,276.43 | $170.00 | $10,106.43 | $9,882.00 |
| 1925 | 7,650 | 103.00 | 7,753.00 | 204.00 | 7,549.00 | 9,753.00 |
| 1926 | 12,750 | 100.55 | 12,850.55 | 255.00 | 12,595.55 | 9,535.00 |
| 1927 | 10,200 | 102.73 | 10,302.73 | 204.00 | 10,098.73 | 9,393.00 |
| 1928 | 10,200 | 86.20 | 10,286.20 | 210.22 | 10,075.98 | 9,245.00 |
| 1929 | 10,200 | 50.89 | 10,250.89 | 216.04 | 10,034.85 | 8,641.20 |
| 1930 | 10,200 | 101.46 | 10,301.46 | 217.20 | 10,084.26 | 8,930.00 |
| 1931 | 10,200 | 213.08 | 10,413.08 | 222.47 | 10,190.61 | 8,760.00 |

The Commissioner, in computing the deficiencies for 1924, 1925, 1926, 1927, and 1931, included in the petitioner's income the premiums paid on the insurance policy. He included the net income of the trust in the petitioner's income for 1928, 1929, and 1930.

Section 219 (h) of the Revenue Act of 1924 provides in part as follows:

\* \* \* where any part of the income of a trust is or may be applied to the payment of premiums upon policies of insurance on the life of the grantor \* \* \* such part of the income of the trust shall be included in computing the net income of the grantor.

Section 219 (h) of the Revenue Act of 1926 and section 167 of the Revenue Act of 1928 contain substantially similar provisions. Clearly the Commissioner erred as to 1928, 1929, and 1930 in including in the petitioner's income more than the part of the income of the trust applicable to the payment of the premiums on the policy. But the part of the income of the trust for each year applicable to the payment of the premium for that year upon the policy of insurance on the life of the grantor must be included in computing the net income of the grantor. Although the policy was an endowment policy, it was nevertheless a policy of insurance upon the life of the grantor. *Briggs* v. *McCullough*, 36 Cal. 542; *Endowment & Benevolent Association* v. *State*, 35 Kan. 253; 10 Pac. 872; *State* v. *Federal Investment Co.*, 48 Minn. 110; 50 N. W. 1028; *Carr* v. *Hamilton*, 129 U. S. 252; Cooley—Briefs on the Law of Insurance, vol. 1, p. 19. The statute makes no distinction between endowment policies and other kinds of policies, such as ordinary life policies. Nor does it make any distinction between that part of a particular premium which equals the cost of protection and the excess paid over that amount, which excess may represent an investment. The annual premium on a "straight life" policy contains similar elements (*Standard Brewing Co.*, 6 B. T. A. 980), yet the Supreme Court in a case similar to this one held that such premiums were properly included in the income of the grantor. *Burnet* v. *Wells*, 289 U. S. 670. The Court there held the statutory provision constitutional as applied to such premiums. This case does not present an exception requiring a special rule.

The Commissioner by amended answers makes claim for penalties under section 275 (a) of the Revenue Acts of 1924 and 1926 and section 293 (a) of the Revenue Act of 1928, which provide that "if any part of any deficiency is due to \* \* \* intentional disregard of rules and regulations but without intent to defraud, 5 per centum of the total amount of the deficiency (in addition to such deficiency) shall be assessed, collected, and paid \* \* \*." He filed no brief. The burden of proof was upon him. The stipulated facts show that the petitioner did not include any amount in computing his net income to represent the amounts of trust income of two trusts applicable to the payment of premiums on policies of insurance on his life. All of the income of the two trusts was reported upon a separate fiduciary return. It was so reported because the petitioner

honestly believed that was the proper way to report it. His view was apparently shared by members of the Circuit Court of Appeals for the Eighth Circuit and by four members of the Supreme Court of the United States. See *Wells* v. *Commissioner*, 63 Fed. (2d) 425, and *Burnet* v. *Wells, supra*. An explanation was given of why the income was not reported by the petitioner. We find as a fact from the entire record that no part of any deficiency was due to intentional disregard of the rules and regulations. The respondent's claim of a penalty is denied.

<div align="right">

*Decision will be entered under Rule 50.*