PACIFIC FLUSH-TANK COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 103787. Promulgated December 3, 1941.

*Graydon H. Ellis, Esq.*, for the petitioner.
*David Altman, Esq.*, for the respondent.

### OPINION.

Tyson: There is no controversy herein as to the amount of $20,100 used by petitioner to retire its indebtedness in 1938 being reasonable with respect to the size and terms of such indebtedness.

The respondent contends that the instant case is specifically covered by the applicable regulations, upon which he relies as the correct construction of section 27 (a) (4), *supra;* that that section contains ambiguities which require interpretation to effectuate the legislative intent; and that, in the absence of statutory language clearly granting a double deduction or tax benefit for the same transaction, it is to be presumed that Congress did not intend to grant a double deduction. Respondent cites *Spokane Dry Goods Co.*, 43 B. T. A. 793 (on appeal to the Ninth Circuit), as controlling here.

The petitioner contends that, in using $20,100 during 1938 to pay an indebtedness evidenced by its notes which were in existence at the close of business on December 31, 1937, it thereby met all of the requirements specified for the allowance of a dividends paid credit in such amount pursuant to the broad language of section 27 (a) (4), *supra*, which is unambiguous and contains no provision that it shall be inoperative in the event the taxpayer is entitled to a deduction of the same amount from gross income. Petitioner also contends that article 27 (a)–3 of Regulations 101, *supra*, creates a rule contrary to the express provision of the statute and is therefore a nullity, and, further, that neither the rule laid down nor the reasoning in *Spokane Dry Goods*

*Co.*, *supra*, is controlling here because that case involved a different factual situation to which section 27 (e) was held to be applicable rather than the section 27 (a) (4), here involved.

We agree with the contention of petitioner that in using the $20,100 during 1938 to pay its indebtedness evidenced by its notes all the requirements for the allowance of a dividends paid credit under section 27 (a) (4), *supra*, were met.

The terms of the statute, as applicable to the facts of this case, are so plain, clear, and unambiguous as to require, in our opinion, no resort to construction in order to ascertain its meaning.

However, if it could be said that the application of the literal meaning of the statute leads to results which should be avoided, i. e., the granting of a double tax benefit, and that therefore the statute should be construed in the light of the purpose and intent of Congress in enacting same, we nevertheless remain of the opinion that the use in 1938 of the $20,100 to discharge petitioner's indebtedness came within the purview of section 27 (a) (4), *supra*.

We reach this latter conclusion through a consideration of the legislative history of the statutes relating to the dividends paid credit granted to corporations, as disclosed by the congressional committee reports.

Section 27 (a) (4) first appeared in the 1938 Act and the prior revenue acts contain no provisions similar thereto. It was inserted in the 1938 Act while that act was being considered by the Joint Conference of the Senate and House Committees.

The committee reports show that the 1938 Act, as finally agreed upon, retained the principle of the undistributed profits tax provided for in the 1936 Act. Report No. 1860 of the committee of Ways and Means of the House of Representatives, 75th Cong., 3d sess., with reference to the dividends paid credit provided for in section 27 of the 1938 Act, stated that the dividends paid credit "is usable by a corporation to diminish its tax wherever the determination of the tax is affected by the amount of dividends distributed" [p. 21]. The report further stated that "the committee believes that the tax should not be framed as a penalty surtax on undistributed profits but should be designed on the basis of a flat tax rate with a tax credit which will give reasonable encouragement to the distribution of dividends" [p. 4]; that, "In order to encourage the distribution of dividends, it is planned to allow a credit" of a certain percent of dividends, paid out against the maximum flat tax rate imposed; and that "This credit is so designed as to produce a minimum tax * * * when there is complete distribution." [P. 5.]

From these committee reports it clearly appears that the broad general purpose underlying the enactment of section 27 of the 1938

Act as to dividends paid credits was to induce and encourage the distributions of dividends by a corporation to its shareholders, which would result in a diminution of the corporation's tax and the imposition of a tax on such dividends in the hands of the stockholders. We are of the opinion that in connection with effectuating such purpose Congress, in enacting section 27 (a) (4), *supra*, intended to give relief to corporations by way of a dividends paid credit for the amount paid out for the retirement of indebtedness as therein specified, which amounts thus became unavailable for dividends; and this is true even if the tax benefit of the credit so given may be duplicated, as here, in whole or in part, by another tax benefit through the allowance of a deduction from gross income in a former year on account of the accrual of such amount as a deductible business expense.

Furthermore, as another indication that the purpose and intention of Congress in enacting section 27 (a) (4) was to allow a credit for the amount used to pay off notes, as was done here, even though the amount represented by such notes arose out of a transaction entitling petitioner to take a deduction therefor, it is to be observed that Congress excepted from the benefit of the credit *only* the deduction allowable by statute for interest, and it refrained from excepting any of the other deductions from gross income (such as the numerous types of business expenses, one of which is here involved) allowed by the revenue statutes which, under many conceivable circumstances, might become represented by notes. This would make applicable the doctrine of *Expressio unius est exclusio alterius.*

We conclude that, even if the allowance of the credit claimed here would result in duplicating, in whole or in part, a tax benefit to the petitioner, it nevertheless appears clear that Congress intended to and did expressly grant such credit.

We further conclude that the above quoted portion of article 27 (a)–3 of Regulations 101 is contrary to the statute and is therefore a nullity as applied to the facts of this case.

*Spokane Dry Goods Co., supra,* is not controlling here, as contended by respondent, for it involved entirely different factual circumstances which brought into operation the specific provisions of section 27 (e) of the 1938 Act dealing with dividends paid in obligations of the corporation. There, the taxpayer, on the accrual basis, declared a dividend in 1936 payable in cash or, at the option of its shareholders, in the notes of the corporation. A portion of such dividend was paid with the taxpayer's notes, the total amount of which (having an actual value equal to their face value) was taken as a dividends paid credit for 1936. In 1938, the taxable year involved, the taxpayer paid the *principal amount* of some of those dividend notes and claimed a dividends paid credit, under section 27 (a) (4) of the 1938 Act, for the

amount so paid out in redemption of the notes. The Board, in applying section 27 (e), *supra*, denied the claim of the taxpayer because the facts showed that there was no excess in the amount paid by the taxpayer in the taxable year 1938 in redemption of its dividend notes over the fair market value of those notes at the time of their delivery in 1936 in payment of the dividend. That case, being controlled by section 27 (e) which deals specifically with the redemption of obligations used in payment of dividends, is distinguished from the case here which is controlled by section 27 (a) (4) without any relation to section 27 (e). The observations of the Board with regard to a double deduction contained in the last paragraph of its opinion, if made with reference to section 27 (a) (4), were so made through consideration of that subdivision in connection with, and as cumulative to, the effect of section 27 (e).

The respondent erred in his determination.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

HILL concurs only in the result.

DISNEY and HARRON dissent.