THE JOURNAL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 106877. Promulgated April 3, 1942.

*Edmund B. Shea, Esq.*, and *C. F. Mikkelson, Esq.*, for the petitioner.

*Jonas M. Smith, Esq.*, for the respondent.

## OPINION.

ARNOLD: This proceeding involves a deficiency in income tax for 1938 in the sum of $10,537.77. The principal issue is whether the petitioner is entitled to a dividends paid credit in 1938 by reason of its payment on July 1, 1938, of certain promissory notes, amounting to $440,625, issued and distributed as dividends in 1937, for which a dividends paid credit was claimed and allowed for 1937. Respondent affirmatively alleged that a part of the deficiency herein is "due to negligence, or intentional disregard of rules and regulations" within the meaning of section 293 (a), Revenue Act of 1938, and asks the Board to find and determine that he is entitled to the 5 percent addition to the deficiency provided for by said section, claim for which is asserted pursuant to section 272 (e), Revenue Act of 1938.

The facts as stipulated are adopted as our findings of fact, the pertinent portions thereof being hereinafter summarized.

Petitioner, a Wisconsin corporation, is located at Milwaukee, and is engaged in publishing a newspaper known as the Milwaukee Journal. It filed its income and excess profits tax return for 1938 in the Milwaukee collection district.

On December 1, 1937, petitioner distributed to its stockholders a dividend upon its common stock consisting of promissory notes executed by the petitioner as maker in the aggregate principal amount of $440,625. These dividend notes became due January 1, 1939, with interest at 3½ percent per annum until maturity, or until redeemed. The notes were transferable and were subject to redemption in whole or in part at any time prior to maturity at the option of the petitioner. The fair market value of the notes on December 1, 1937, was not less than $440,625. None of the notes was paid during 1937.

In its Federal income and excess profits tax return for 1937 petitioner claimed a dividends paid credit which included the amount of said promissory notes, and credit accordingly was allowed by respondent in auditing the return. If no part of the $440,625 had been included in computing the dividends paid credit for 1937, petitioner's income tax liability would have been $73,457.38 in excess of the tax liability of $212,099.70 determined for that year.

On July 1, 1938, petitioner paid and discharged its indebtedness of $440,625 evidenced by said promissory notes. In its Federal income and excess profits tax return for 1938 petitioner treated this disbursement of $440,625 as a dividends paid credit under section 27 (a) (4), Revenue Act of 1938, and applied 2½ percent thereof, amounting to $11,015.62, against the tax.

Petitioner claimed the dividends paid credit under section 27 (a) (4), *supra*, upon the advice of counsel that it was entitled thereto under the Revenue Act of 1938 and that the provisions of article 27 (a)-3 of Regulations 101,[1] approved by the Secretary of the Treasury on February 7, 1939, were contrary to the statute and therefore unenforcible. This opinion of its counsel was received by petitioner on or about March 13, 1939, and was relied on and followed in completing and filing its income tax return for 1938.

The dividends paid credit claimed on petitioner's return for 1938, for the purpose of deducting 2½ percent thereof under section 13 (c) (2) (B), Revenue Act of 1938, was computed as follows:

Dividends paid:
| | |
|---|---:|
| Cash | $360,000.00 |
| Obligations distributed in 1938 | 360,000.00 |
| | 720,000.00 |
| Amounts paid July 1, 1938, on 1937 notes | 440,625.00 |
| Dividends paid credit claimed on return | 1,160,625.00 |
| Amount deducted by petitioner pursuant to section 13 (c) (2) (B) | 29,015.62 |

In determining the deficiency for 1938 the respondent disallowed that part of the dividends paid credit pertaining to the item of $440,625, and determined petitioner's dividends paid credit as follows:

Dividends paid:
| | |
|---|---:|
| Cash | $360,000 |
| Obligations distributed in 1938 | 360,000 |
| Amount of dividends paid credit allowed | 720,000 |
| Amount deducted by respondent pursuant to section 13 (c) (2) (B) | 18,000 |

The deficiency of $10,537.77 is attributable to the foregoing adjustment.

We shall consider first the question as to petitioner's right to a dividends paid credit, using the term credit herein as relating solely to the $440,625 item. Petitioner contends that it is entitled to the

---

[1] The pertinent provisions of said article read as follows:

"Double credits are not permitted, either for the same year or for separate years. Thus, amounts which have been or may be properly taken as a credit pursuant to section 27 (e) of the Act or section 27 (d) of the Revenue Act of 1936 (both sections relating to dividends in obligations of the corporation) may not again be included in the dividends paid credit under section 27 (a) (4) when the obligations are paid. * * *"

credit under the provisions of section 27 (a) (4) of the Revenue Act of 1938, independently of section 27 (e), the pertinent portions of which are set forth in the margin.[2] Respondent denied the credit because a credit in an identical amount was claimed and allowed in 1937 when the promissory notes were issued and distributed to petitioner's stockholders. Respondent points out that the allowance of a credit in 1938 would give petitioner a double credit on the same transaction, a situation not intended by the statute, and which is expressly provided against in article 27 (a)-3 of Regulations 101, *supra*. Respondent cites and relies upon our decision in *Spokane Dry Goods Co.*, 43 B. T. A. 793.

Petitioner concedes that this issue is "precisely similar to that which was decided in *Spokane Dry Goods Co.* v. *Commissioner*, 43 B. T. A. 793", wherein the Board held that sections 27 (a) (4) and 27 (e) dealt with the same subject matter and that in accordance with the recognized principles of statutory construction the general provisions of 27 (a) (4) must yield to the specific limitations appearing in 27 (e). Petitioner denies, however, that the majority opinion of the Board is correct and asserts that the reasoning of the dissenting minority of the Board is sound and should be applied here. If the Board's decision in *Spokane Dry Goods Co.*, *supra*, be judicially confirmed, petitioner concedes that respondent's regulation must be accepted as a proper interpretation of the law.

Such judicial confirmation occurred on February 18, 1942, when the Circuit Court of Appeals for the Ninth Circuit affirmed the Board's opinion in *Spokane Dry Goods Co.* v. *Commissioner*, 125 Fed. (2d) 865. The court held that sections 27 (a) (4) and 27 (e) were related and must be considered together in order to prevent the double credit which would result if said sections were considered to be entirely independent of each other. *The court specifically con-*

---

[2] SEC. 27. CORPORATION DIVIDENDS PAID CREDIT.

(a) DEFINITION IN GENERAL.—As used in this title with respect to any taxable year the term "dividends paid credit" means the sum of :

\* \* \* \* \* \* \*

(4) Amounts used \* \* \* to pay or to retire indebtedness of any kind, if such amounts are reasonable with respect to the size and terms of such indebtedness. As used in this paragraph the term "indebtedness" means only an indebtedness of the corporation existing at the close of business on December 31, 1937, and evidenced by a bond, note, debenture, \* \* \* issued by the corporation and in existence at the close of business on December 31, 1937, or \* \* \*

\* \* \* \* \* \* \*

(e) DIVIDENDS IN OBLIGATIONS OF THE CORPORATION.—If a dividend is paid in obligations of the corporation, the amount with respect thereto which shall be used in computing the basic surtax credit shall be the face value of the obligations, or their fair market value at the time of the payment, whichever is the lower. If the fair market value of any such dividend paid in any taxable year of the corporation beginning after December 31, 1935, is lower than the face value, then when the obligation is redeemed by the corporation in a taxable year of the corporation beginning after December 31, 1937, the excess of the amount for which redeemed over the fair market value at the time of the dividend payment (to the extent not allowable as a deduction in computing net income for any taxable year) shall be treated as a dividend paid in the taxable year in which the redemption occurs.

sidered article 27 (a)–3, *supra*, and pointed out that Congress must be deemed to have accepted the interpretation therein set forth as it did not change the wording of "indebtedness of any kind" in amending section 27 (a) (4) in 1939. Respondent's determination on this issue is therefore approved.

The second issue, affirmatively raised in the answer, is whether any part of the deficiency is due to petitioner's negligence, or intentional disregard of respondent's rules and regulations as provided in section 293 (a), of the Revenue Act of 1938.[3] Respondent rests his argument, not on any alleged negligence of the petitioner, but upon an alleged intentional disregard of rules and regulations. Respondent asserts that petitioner's reply admits that its officers, employees, and agents knew of the provisions of article 27 (a)–3, and, since the validity of the regulation is established by the Board's decision in the *Spokane* case, *supra*, that the 5 percent addition is mandatory. Respondent contends that reliance on the advice of counsel does not exonerate petitioner's intentional disregard of the rules and regulations.

The issue turns upon the construction of the statutory phrase "intentional disregard of rules and regulations." The stipulated facts show that petitioner was fully cognizant of the statutory provisions, section 27 (a) (4) and (e), and of respondent's interpretation thereof. Petitioner sought the advice of counsel as to what it should do under the circumstances then existing. Counsel advised that petitioner was entitled to the credit provided by section 27 (a) (4) and that respondent's regulation was an invalid interpretation of the statute. Petitioner then had to decide which of two opposite constructions it would follow in making and filing its return. The stipulated facts indicate that petitioner gave careful consideration to the problem before electing to follow the advice of counsel. Its choice was made deliberately, with full knowledge that the administrative interpretation was contrariwise. Obviously, therefore, petitioner intentionally disregarded respondent's regulation.

The defense advanced is in the nature of confession and avoidance. Petitioner stipulates that it acted with knowledge but upon advice of counsel and directs attention to the division of opinion on this Board in *Spokane Dry Goods Co.*, *supra*, as proof of the soundness of its action and as justification for its belief that the respondent's regulation was invalid. Be that as it may, the statute speaks in mandatory language when it states that if "any part of any de-

---

[3] SEC. 293. ADDITIONS TO THE TAX IN CASE OF DEFICIENCY.

(a) NEGLIGENCE.—If any part of any deficiency is due to negligence, or intentional disregard of rules and regulations but without intent to defraud, 5 per centum of the total amount of the deficiency (in addition to such deficiency) shall be assessed, collected, and paid in the same manner as if it were a deficiency, except that  *  *  *.

ficiency is due to $*$ $*$ $*$ intentional disregard of rules and regulations but without intent to defraud, 5 per centum of the total amount of the deficiency (in addition to such deficiency) shall be assessed, collected, and paid in the same manner as if it were a deficiency $*$ $*$ $*$." As hereinbefore demonstrated, petitioner *did* intentionally disregard the regulations, and, since this conclusion is inescapable under the stipulated facts, it is mandatory that the 5 percent addition be assessed, collected, and paid in the same manner as if it were a deficiency under section 293 (a).

We have examined the authorities cited without finding one dispositive of this issue. In *Frank T. Heffelfinger*, 32 B. T. A. 1232; affirmed on another point, 87 Fed. (2d) 991, we found as a fact that there was no intentional disregard of rules and regulations. Clearly the stipulated facts are susceptible of no such ultimate finding in this proceeding. Most of the cases cited dealt with the 5 percent addition for negligence. In the few cases where "intentional disregard of rules and regulations" was considered, the opinions coupled negligence with intentional disregard, see *Lucian T. Wilcox*, 44 B. T. A. 373; *Gibbs & Hudson, Inc.*, 35 B. T. A. 205; and *Oscar G. Joseph*, 32 B. T. A. 1192. Negligence has neither been urged nor established in this proceeding, so none of the latter cases involved comparable situations.

Harsh though the conclusion may seem, the stipulated facts herein leave no recourse but to grant respondent's request for a 5 percent addition to the deficiency.

*Decision will be entered under Rule 50.*