**Dee Brown WALKER and Wife, Ann G. Walker**

v.

**UNITED STATES of America.**

**Civ. A. No. 6329.**

United States District Court
N. D. Texas, Dallas Division.

June 4, 1956.

Dee Brown Walker, Dallas, Tex., in pro per.

Thomas H. Foye, Washington, D. C., and John C. Ford, Dallas, Tex., for defendant.

ATWELL, District Judge.

Number 6329, Dee Brown Walker and wife, Ann G. Walker, versus the United States of America is a suit by the plaintiffs against the defendant to recover a penalty which the plaintiffs claim they paid to the tax collector because of not disclosing in an anticipatory return the amount of estimated tax which the plaintiffs thought they would make, or owe, by reason of their receipts during the remainder of the year, 1952.

I find as facts that the plaintiffs had paid their 1951 taxes on time, but in making that return, they did not disclose an estimation of what they would make during the remainder of the year, 1952, or during the entire year, 1952; that because of that failure, the tax collector of the defendant assessed a penalty against the plaintiffs for not doing so, and that penalty amounted to the sum of $203.77, which penalty was paid by the plaintiffs, and after having paid that penalty, the plaintiffs filed an application for a refund, and in that application, which the statute requires, 26 U.S.C.A.(I.R.C.1939) § 3772(a) (1), they alleged as a reason for the refund that the collection of that penalty was unconstitutional. That reason in the application for refund is attacked by the defendant as insufficient under the statute, that is, because it does not give the respect in which it is unconstitutional.

■■ As a conclusion of law, I hold, first: That the claim filed by the plaintiffs is sufficient under the statute and the suit may not be dismissed because of the failure to particularize in what respect the collection of that penalty was unconstitutional. I further hold that the payment of the penalty demanded by the collector for not giving the information as to the estimated return for that taxable year was, and is, a proper penalty, and the collector had a right to collect it, and the payment of it was voluntary, and if it had not been paid voluntarily, the collector had a right to seek further relief in its collection, which he found unnecessary.

I think that the Congress had a right to penalize a taxpayer who does not give the information of estimated tax, because the payment of taxes is essential to the existence of a proper government, and not only that, the collection of a tax that has already been owing may be greatly assisted by having an estimate from the taxpayers of the nation as to what was expected to be made during that coming term. Therefore, I hold that the judgment will go for the defendant.