Dee Brown WALKER and Ann G. Walker, Appellants,

v.

UNITED STATES of America, Appellee.

No. 16211.

United States Court of Appeals Fifth Circuit.

Feb. 5, 1957.

Rehearing Denied March 9, 1957.

Dee Brown Walker, Dallas, Tex., for appellants.

Louise Foster, Atty., Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., John C. Ford, Asst. U. S. Atty., Dallas, Tex., Karl Schmeidler, Atty., Dept. of Justice, Washington, D. C., Heard L. Floore, U. S. Atty., Ft. Worth, Tex., John C. Ford, Asst. U. S. Atty., Dallas, Tex.

Warde H. Erwin, Portland, Or., Amicus Curiae.

Before CAMERON, JONES and BROWN, Circuit Judges.

PER CURIAM.

The question presented by this appeal is whether the statute [1] providing for additions to tax, where a taxpayer fails through wilful neglect to make and file a declaration of estimated tax, is constitutional. The additional tax was assessed against appellants and they paid the sum of $203.77, filing claim for refund and subsequently this suit, on the ground that the statute was unconstitutional. The Court below denied recovery and appellants prosecute this appeal. The facts were stipulated,[2] and the Court below, be-

---

1. § 294(d) (1) (A) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 294(d) (1) (A):

"In case of a failure to make and file a declaration of estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 per centum of each installment due but unpaid, and in addition, with respect to each such installment due but unpaid, one per centum of the unpaid amount thereof for each month (except the first) or fraction thereof during which such amount remains unpaid. In no event shall the aggregate addition to the tax under this subparagraph with respect

to any installment due but unpaid, exceed 10 per centum of the unpaid portion of such installment * * *."

2. Pertinent portions of the stipulation are the following: "During the taxable year January 1, 1952 to December 31, 1952 the plaintiffs failed to make a timely declaration of the estimated tax which they would pay for the taxable year 1952 and were assessed by the Internal Revenue Service the sum of $203.77 under the provisions of Title 26, § 294(d) (1) (A) U.S.C.A. Plaintiff failed to make a timely declaration through wilful neglect * * The plaintiffs paid such sum of $203.77 * * * [and] filed their claim for refund * * * claiming that the statute upon which the penalty was based was

ing "of the opinion that the law and the facts are with the defendant and against the plaintiffs," denied recovery. Appellants argue that the additional tax is basically unconstitutional[3] as violative of the Fifth Amendment and as offending against the constitutional separation of powers between the executive and judicial departments. They cite no case to sustain their position, but content themselves with a general argument that it is not just and right to permit the Government to assess or to collect, through administrative action, the additional tax provided for. The complaint is leveled entirely against that portion of § 294 which provides additions to the tax in event of failure to file the declaration.

The position of the Government in reply may be stated by quoting what we said with reference to its attitude in Abney v. Campbell, 5 Cir., 1953, 206 F.2d 836, 838: " * * * appellee urges upon us: that appellants are but seeking to refresh old straw; that, however appealing but for those decisions their arguments and contentions might have been, appellants, in putting them forward now, are running a completely covered track; that either expressly or by implication every question raised and every argument put forward by them has been already decided against them; and that we should treat the questions argued, as already foreclosed against them."

We found that position sustained by appellee in that case; and so do we here. Appellants do not attack directly the statutory requirement that estimates be filed; and it is difficult to perceive any sound reason why Congress should not have possessed the power to lay this duty upon taxpayers as a reasonable constituent of the mechanics of ascertaining the amount of taxes to be assessed.

The exhaustive opinion of the Supreme Court in Brushaber v. Union Pacific R. Co., 1915, 240 U.S. 1, 36 S.Ct. 236, 60 L. Ed. 493,[4] establishes beyond doubt the all-embracing character of the taxing authority possessed by Congress along with a like latitude in selecting modes of ex-

unconstitutional and that the amount was illegally and wrongfully collected from the plaintiffs."

3. These quotations from appellants' brief epitomize their contentions: "We think that the Courts have already allowed the executive branch of our government too much power and authority under the Constitution to the damage of the individual citizens * * * [Fifth Amendment quoted in full].

"This particular statute is punitive in nature and its three parts impose three penalties * * * a penalty for not filing an estimate of income tax; * * * a penalty for not paying the estimate * * * and a penalty for underestimating the amount of the tax. * * *

"It is fundamental that the Constitution of the United States divided the Government into three different branches and each was to function independently of the others. Punishment of offenses under the law was placed with the judiciary to the exclusion of the other two branches. The right to trial by jury was preserved, and this right is of great importance to the individual citizens. * * * The present statute places in the hands of the Internal Revenue Service the power to levy a penalty or fine if the declaration is not made. *It must be remembered that this penalty or fine is not for money owed and not paid, but is one imposed merely because an act is not performed.* Yet the entire proceeding is investigated, heard, and judged by a department of the executive of the Federal Government to the exclusion of any jury * * * The penalty is not for money owed, but for some thing not done * * *

"In the various cases passing on the constitutionality of tax statutes such as the one imposing fifty percent for fraud, the Supreme Court of the United States has always looked at the problem from the viewpoint of the Federal Government. But what about the rights of the citizen? He was supposed to be protected in the use of his property and if it was to be taken from him, he should have the right to have a court and jury pass on the question * * *"

4. Indeed, what was there held was foreshadowed and conceded to be sound law in the older cases of Hylton v. United States, 1796, 3 Dall. 171, 3 U.S. 171, 1 L.Ed. 556, and Pollock v. Farmers' Loan & Trust Co., 1895, 157 U.S. 429, 15 S. Ct. 673, 39 L.Ed. 759; Id., 158 U.S. 601, 15 S.Ct. 912, 39 L.Ed. 1108.

ercising that power.[5] Responding to the attack there made,—being not unlike the basis of the attack here,—that the provision of the Act requiring the corporation without compensation to account for and pay at the source taxes claimed, not against the corporation, but against its bondholders, violated the Fifth Amendment, the Court said: "So far as the due process clause of the 5th Amendment is relied upon, it suffices to say that there is no basis for such reliance, since it is equally well settled that such clause is not a limitation upon the taxing power conferred upon Congress by the Constitution; in other words, that the Constitution does not conflict with itself by conferring, upon the one hand, a taxing power, and taking the same power away, on the other, by the limitations of the due process clause * * *." 240 U.S. at page 24, 36 S.Ct. at page 244.

The broad discretion given Congress in establishing procedures by which its tax exactions may be made effective was further removed from the realm of doubt by the Supreme Court decision in Steward Machine Co. v. Davis, 1937, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279.[6] Based upon the teachings of that case and the one decided simultaneously with it, Helver-

ing v. Davis, 1937, 301 U.S. 619, 672, 57 S.Ct. 904, 81 L.Ed. 1307, this Court approved [7] the provisions of the 1950 amendment to the Federal Insurance Contributions Act requiring employers of domestic help [8] to hold back a percentage of the employee's earnings and, having contributed a like amount, to remit it to the Collector of Internal Revenue. And we have also upheld against constitutional attack the "tax on self-employment income" [9] in Cain v. United States, 1954, 211 F.2d 375, certiorari denied 347 U.S. 1013, 74 S.Ct. 868, 98 L.Ed. 1136. And we assumed to be valid the penalty provisions here under attack in our decision of Stephan v. Commissioner, 5 Cir., 1952, 197 F.2d 712.

The case of Helvering, Commissioner v. Mitchell,[10] is a complete answer to the argument that additional taxes by way of civil penalties or sanctions may not be imposed administratively. There, the Court held that the statutory imposition of a fraud penalty [11] was entirely civil in nature and collection thereof was not affected by a judgment of acquittal in a criminal offense involving the same acts. "That Congress provided a distinctly civil procedure for the collection of the additional 50 per centum indicates clearly

---

**5.** The Court there, 240 U.S. at page 20, 36 S.Ct. at page 242, quoted from the old case of Stockdale v. Insurance Companies, 1873, 20 Wallace 323, 331: "The right of Congress to have imposed this tax by a new statute, although the measure of it was governed by the income of the past year, cannot be doubted; much less can it be doubted that it could impose such a tax on the income of the current year, though part of that year had elapsed when the statute was passed * * *."

**6.** This decision blazed a trial along which, step by step, those charged with collecting the vast revenues required for the running of the Government have fashioned the mechanics of which the procedure here attacked is a part. The position of these appellants may be well stated by quoting from the prophetic words of one of the closing paragraphs of Mr. Justice McReynolds' opinion dissenting for four members of the Court, 301 U.S. 609, 57 S.Ct. 900: "No defense is offered for the legislation under review

upon the basis of emergency. The hypothesis is that hereafter it will continuously benefit unemployed members of a class. Forever, so far as we can see, the states are expected to function under federal direction concerning an internal matter. By the sanction of this adventure, the door is open for progressive inauguration of others of like kind under which it can hardly be expected that the states will retain genuine independence of action. And without independent states a Federal Union as contemplated by the Constitution becomes impossible."

**7.** Abney v. Campbell, 5 Cir., 1953, 206 F. 2d 836, certiorari denied 346 U.S. 924, 74 S.Ct. 311, 98 L.Ed. 417.

**8.** 26 U.S.C.A. §§ 1400, 1432.

**9.** 26 U.S.C.A. §§ 480, 481, 482.

**10.** 1938, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917.

**11.** § 293(b) of the Revenue Act of 1928, 26 U.S.C.A. § 293(b).

that it intended a civil, not a criminal, sanction. * * * Thus the determination of the facts upon which liability is based may be by an administrative agency instead of a jury, *. * *." 303 U. S. at page 402, 58 S.Ct. at page 634.

Being of the opinion that the questions raised by appellants have, by these cases, been decided against them, the judgment of the Court below is

Affirmed.