L. LAMAR AND EDITH R. BEACHAM, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 59148.    Filed June 10, 1957.

*L. Lamar Beacham, pro se.*
*Homer F. Benson, Esq.,* for the respondent.

OPINION.

PIERCE, *Judge:* The respondent determined the following liabilities against the petitioners, in respect of income taxes imposed by the 1939 Code:

| Year | Deficiency in normal tax and surtax | Additions to tax | |
|---|---|---|---|
| | | Sec. 294 (d) (1) (A) (failure to file declaration of estimated tax) | Sec. 294 (d) (2) (substantial underestimate of estimated tax) |
| 1951 | (1) | $145.02 | $87.01 |
| 1952 | (1) | 57.17 | 34.30 |

¹ None.

The sole issue presented for decision is whether the above-mentioned provisions of section 294 (d), together with certain related provisions of the 1939 Code under which individuals are required to file declarations of estimated tax and to make payments of estimated tax, are repugnant to the due process clause of the Fifth Amendment to the Constitution of the United States.¹

There is no dispute as to any fact; and no dispute as to the respondent's application (as distinguished from the validity) of any of the

¹ Petitioners' assignment of error in respect of the respondent's determinations, as set forth in their amended petition herein, states:

(4) * * *

(1). The Commissioner erred in asserting any penalties under the provisions of *Section 294, Internal Revenue Code of 1939,* for the reason that that Section and all other Sections of the *Internal Revenue Code* deriving from the *Current Tax Payment Act of 1943* and the provisions incorporated into the *Internal Revenue Code* by it, and as they may have been amended or added to in any way, was and are unconstitutional.

On brief, petitioners specified, more particularly, that the principal provisions of the 1939 Code which they contend to be invalid, are section 58 (pertaining to "Declaration of Estimated Tax by Individuals"), section 59 (pertaining to "Payment of Estimated Tax"), and those provisions of section 294 (d) which impose certain additions to tax in respect of "Estimated Tax"; and petitioners further specified that the provision of the Constitution which they contend to have been violated, is the due process clause of the Fifth Amendment.

statutes involved. No testimony or other evidence was submitted by either party. The pertinent facts, as disclosed by undisputed portions of the notice of deficiency, by certain allegations of the amended petition which respondent admitted, and by oral agreements of counsel which were made of record when the case was submitted, are incorporated herein by reference, and are so found. These facts may be summarized as follows:

During the taxable years 1951 and 1952, the petitioners, L. Lamar Beacham and Edith R. Beacham, were husband and wife. They filed a joint income tax return for each of said years with the district director of internal revenue for the State of Mississippi.

During each of said years, the petitioners received gross income, in respect of which no withholding tax was withheld, and in respect of which declarations of estimated tax and payments of estimated tax were required to be made by sections 58 and 59 of the 1939 Code.

Petitioners reported said gross income in their joint income tax returns for said years, and paid all of the normal taxes and surtaxes due thereon; but they did not file any declaration of estimated tax, or make any payment of estimated tax for either of said years.

Petitioners filed their amended petition herein, for the specific purpose of limiting the issue to the question of constitutionality above mentioned, and for the purpose of eliminating all other issues, such as whether there was reasonable cause for petitioners' failure to file declarations of estimated tax.

The petitioners concede that the provisions of section 294 (d) (1) (A), and perhaps also the provisions of section 294 (d) (2), are valid if, but only if, the Congress had power under the Constitution to require the making of declarations of estimated tax as provided in section 58 of the 1939 Code, and power to require the payment of estimated taxes as provided in section 59 of said Code; and that, accordingly, a determination of the present issue requires a determination also of whether the "single scheme" of the current tax payment system (sometimes called the "pay-as-you-go" system), as incorporated in the 1939 Code by amendments contained in section 5 of the Current Tax Payment Act of 1943, is constitutional. They contend that the adoption of such system was outside the power granted to the Congress by Article I of the Constitution "to lay and collect Taxes, Duties, Imposts and Excises," and also outside the power granted to it by the Sixteenth Amendment to the Constitution "to lay and collect taxes on incomes"—because the above-mentioned statutory provisions, which effectuate such system, "require the payment of a citizen's personally owned and private money into the public treasury for unrestricted use prior to the incidence or determination of any tax upon income, and hence are unconstitutional under the Fifth Amendment to the Constitution of the United States as being

the taking of private property without due process of law and for public use without just compensation."

We think that such contentions are without merit. In *Brushaber* v. *Union Pac. R. R.*, 240 U. S. 1, the Supreme Court, in an exhaustive opinion, established the all-embracing character of the taxing authority possessed by Congress, along with a like latitude in selecting modes of exercising such power. In said case, the Supreme Court rejected a contention that the provisions of the Act there involved, which required the corporation without compensation to account for and pay at the source taxes claimed, not against the corporation but against its bondholders, violated the Fifth Amendment. The Court there said:

That the authority conferred upon Congress by § 8 of article I "to lay and collect taxes, duties, imposts and excises" is exhaustive and embraces every conceivable power of taxation has never been questioned, or, if it has, has been so often authoritatively declared as to render it necessary only to state the doctrine. * * *

*   *   *   *   *   *   *

So far as the due process clause of the 5th Amendment is relied upon, it suffices to say that there is no basis for such reliance, since it is equally well settled that such clause is not a limitation upon the taxing power conferred upon Congress by the Constitution; in other words, that the Constitution does not conflict with itself by conferring, upon the one hand, a taxing power, and taking the same power away, on the other, by the limitations of the due process clause. * * *

See also *Phillips* v. *Commissioner*, 283 U. S. 589, in which the Supreme Court established the right of the United States to collect its internal revenue by summary administrative proceeding, and more particularly by summary proceeding against a transferee of the taxpayer's property. See also *Walker* v. *United States*, 240 F. 2d 601, affirming 143 F. Supp. 566, in which the Court of Appeals for the Fifth Circuit, after a review of the authorities, held that the provisions of section 294 (d) (1) (A) of the 1939 Code (which are here involved) are not repugnant to the due process clause of the Fifth Amendment.[2]

The statutes here involved impose no new taxes, but merely provide for collection of income taxes from individuals as income is earned. That Congress deemed them necessary in order to make the tax collecting system more effective, is established not only by the fact of the amendment but also by the reports of the committees. The required declaration of estimated tax need not be filed until 3½ months after the beginning of the particular taxable year involved; the estimate may be made with reference to the income returned for the preceding year; the estimate may be revised by use of amended declara-

[2] In the *Walker* case, *supra*, the appellants did not attack directly the statutory requirements that estimates be filed, but only the validity of an additional tax assessed under section 294 (d) (1) (A).

tions; final payment on an estimate is not required to be made until after the close of the taxable year involved; all payments of estimated tax are credited to the tax for such year; and any excess payment is either refunded or applied as a credit against taxes for the following year.

It is our opinion that said provisions of the Code are not arbitrary; that their enactment was not beyond the powers granted to Congress by Article I of the Constitution and by the Sixteenth Amendment thereto; and that they are not repugnant to the due process clause of the Fifth Amendment.

*Decision will be entered for the respondent.*