[Civ. No. 24672. First Dist., Div. Two. Dec. 20, 1968.]

JONES-HAMILTON CO., Plaintiff and Appellant, v.
FRANCHISE TAX BOARD, Defendant and Respond-
ent.

Pillsbury, Madison & Sutro, Sigvald Nielson, Noble K. Gregory, Donald G. McNeil and George C. Fisher for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, James E. Sabine, Charles A. Barrett and Ernest P. Goodman, Assistant Attorneys General, for Defendant and Respondent.

MOLINARI, P. J.—This is an appeal by plaintiff from a summary judgment in favor of defendant. The question presented is whether the trial court was justified in granting the motion of defendant for the summary judgment; and the consideration of this question turns on whether or not sections were added to the Revenue and Taxation Code[1] in violation of requirements of the Constitution of the State of California.

### Statement of the Case

In 1963 the California Legislature passed Senate Bill No. 5 which added sections to the Revenue and Taxation Code call-

---

[1] Unless otherwise indicated, all statutory references are to the Revenue and Taxation Code.

ing for the calculation and payment of estimated corporation taxes. The sections went into effect beginning January 1, 1965. The bill passed the state Senate with the affirmative votes of 22 Senators, a majority of the 40 members of that body. According to article XIII, section 16, subsection 3 of the Constitution of the State of California, any tax on corporations "must be under an act passed by not less than two-thirds vote of all the members elected to each of the two houses of the Legislature."

Plaintiff in this case is a California corporation engaged in the business of manufacturing cleaning compounds. On May 21, 1965 plaintiff paid to defendant Franchise Tax Board the percentage of the estimated state corporation franchise tax required under the disputed statute and later made a claim for a refund. The amount of the payment involved is $882.20. When defendant failed to act on the refund claim, plaintiff brought this action to recover the amount paid plus legal interest. Plaintiff alleges that Senate Bill No. 5 is void and violative of article XIII, section 16 of the Constitution because it was passed by fewer than two-thirds of the members elected to the Senate. Both plaintiff and defendant filed motions for summary judgment. The trial court granted defendant's motion and judgment was entered for defendant.

## Taxation of California Corporations

The California Constitution explicitly allows for the imposition of taxes on corporations and limits the power of the Legislature by requiring that any such tax be passed by a two-thirds vote of the members elected to each house of the Legislature. (Art. XIII, § 16.) Accordingly, corporations are taxed pursuant to section 23151[2] for the privilege of doing business in the state and the tax imposed is essentially a franchise tax computed on the basis of the corporation's net income earned in the next preceding income year. (See also §§ 23041, 23042, 25401, 25551.)

The legislation which is the subject of contention in this action added new sections calling for the computation of estimated income and estimated tax on such income and for the payment of a percentage of the estimated tax; i.e., instead of waiting until the end of the "income year" to calculate and pay its tax for the next taxable year, the corporate taxpayer is

---

[2]This section was not amended by the Senate bill in question in this action. It was subsequently amended to increase the tax rate from 5.5 percent to 7 percent, effective in 1967. (Stats. 1967, ch. 963, p. 2510.)

now required to estimate and pay a portion of the tax during the "income year" itself. (§§ 25441, 25563.)[3] In effect these sections call for a payment of a portion of the tax before the commencement of the taxable year.[4]

## The Motions

 Each party filed a declaration in support of his motion and the declaration of defendant was also a declaration in opposition to plaintiff's motion. The record does not indicate that plaintiff filed a counteraffidavit in opposition to defendant's countermotion for summary judgment.

A careful review of the declarations or affidavits in support of the motions for summary judgment indicates that there is no true factual dispute between the parties. Neither party questions the sufficiency of the affidavit of the other. It seems apparent that plaintiff corporation seeks a determination that as a matter of law the disputed legislation imposed a tax in violation of the Constitution since two separate tax payments were made by plaintiff during 1965. Defendant's motion, on the other hand, seeks a determination that as a matter of law no tax was imposed by the statute since plaintiff's tax liability for the taxable year 1966 was not increased. It is obvious that the parties agree, as did the court, that there is no triable issue of fact and the issue is strictly one of law: that is, do sections 25441 and 25563 as enacted by Senate Bill No. 5 impose a tax in violation of article XIII, section 16, or do

---

[3]Section 25441, as added by Senate Bill 5, reads: "Every taxpayer subject to the tax imposed by this part shall, within 5 months and 15 days after the beginning of its income year, transmit to the Franchise Tax Board a declaration of estimated tax containing such pertinent information as the Franchise Tax Board may by forms or regulations prescribe, the estimated tax to be computed on the basis of the estimated net income of the income year."

Section 25563 was added to require in part: "If the amount of estimated tax with respect to which a declaration is required under . . . this chapter does not exceed one hundred dollars . . . the entire amount of the estimated tax shall be due and payable on or before the 15th day of the 6th month of the income year. If the amount of estimated tax exceeds one hundred dollars . . . the amount payable on or before the 15th day of the 6th month of the income year shall be—

"(a) For the calendar year 1965 or income years beginning in that calendar year, one hundred dollars ($100) or 20 percent of the amount of the estimated tax . . . whichever is greater; . . ."

*Note:* Section 25563 also included percentage payments for the taxable year 1966 and years following. However, only payments for 1965 are contested here; and the section was completely amended in 1967.

[4]Also, section 25551 was amended to eliminate payment of the corporate tax in installments. As amended it would require that that portion of the tax not paid as an estimated tax be paid at the time the regular return was filed.

the disputed provisions simply accelerate the time of payment of a previously imposed tax? It is well established that if no triable issues of fact are presented, and the sole question is one of law, that question may appropriately be determined on a motion for summary judgment. (*Wilson* v. *Wilson,* 54 Cal.2d 264, 269 [5 Cal.Rptr. 317, 352 P.2d 725]; *Nelson* v. *United States Fire Ins. Co.,* 259 Cal.App.2d 248, 251 [66 Cal.Rptr. 115]; *Magna Dev. Co.* v. *Reed,* 228 Cal.App.2d 230, 234 [39 Cal.Rptr. 284]; *Goldstein* v. *Hoffman,* 213 Cal.App.2d 803, 811 [29 Cal.Rptr. 334]; *Doyle* v. *Hibernia Bank,* 156 Cal.App.2d 16, 20 [319 P.2d 412]; *Enos* v. *Foster,* 155 Cal. App.2d 152, 157 [317 P.2d 670]; *Tibbs* v. *Smart & Final Iris Co.,* 152 Cal.App.2d 618, 623 [313 P.2d 636].)

 In addition, it is equally well established that on appeal where there is presented a question of interpreting a statute, all of the facts being agreed upon, the court has before it a question of law only. (*Pacific Pipeline Constr. Co.* v. *State Board of Equalization,* 49 Cal.2d 729, 736 [321 P.2d 729]; *Aguirre* v. *Southern Pac. Co.,* 232 Cal.App.2d 636, 642-643 [43 Cal.Rptr. 73]; *Gibbons & Reed Co.* v. *Department of Motor Vehicles,* 220 Cal.App.2d 277, 285 [33 Cal.Rptr. 688, 927].)

 Here a certified copy of the statute which is the subject of contention is attached to and incorporated by reference into the complaint; and in addition to including the sections on the declaration and payment of the estimated tax, it also shows the 22 "aye" votes of the Senators. It would seem, therefore, that the proper remedy for defendant was to move for a judgment on the pleadings establishing whether or not as a matter of law a tax had been imposed contrary to the Constitution. (See *Magna Dev. Co.* v. *Reed, supra,* 228 Cal. App.2d 230, 234-235; see also *Maxon* v. *Security Ins. Co.,* 214 Cal.App.2d 603, 609-610 [29 Cal.Rptr. 586].) Accordingly, none of the basic principles controlling judicial action on motions for summary judgment need to be restated here since we are not concerned with the sufficiency of the affidavits. Rather, our determination is confined to whether the trial court was correct in granting what is actually a judgment on the pleadings.

### Validity of Senate Bill No. 5

 No California cases have been found which discuss whether the prepayment of estimated taxes constitutes the imposition of a tax within the meaning of section 16 of article

XIII of the Constitution.[5] Defendant does cite *Beacham* v. *Commissioner of Int. Rev.*, 28 T.C. 598, affirmed *per curium* 255 F.2d 103 (5th. Cir. 1958), a case which seems to be the only authority extant on the definition or explanation of estimated taxes. In that case, the tax court stated that no new taxes were imposed by an amendment which required the payment of estimated income taxes before the income was actually earned. The court interpreted the statute as merely providing for the collection of income tax as the income was earned. (At p. 600.)

Plaintiff argues that the requirements for declaration and payment of estimated corporation taxes violate the policy of the constitutional restriction. Citing cases which generally define a "tax" as a charge or burden upon persons or property imposed by or under the authority of the Legislature for public purposes (see *In re Farmers Frozen Food Co.* (N.D. Cal. 1963) 221 F.Supp. 385, 387; *City of Madera* v. *Black*, 181 Cal. 306, 310 [184 P. 397]), plaintiff contends that the legislation levies a tax since it involves an additional payment during a given annual period. Plaintiff also notes that the statute calls for interest on underpayments of the estimated tax. Plaintiff does not, however, disagree with defendant's conclusion that the $882.20 paid in 1965 was due for the "taxable year" 1966 and was credited against 1966 taxes. We here note that although plaintiff seeks in its complaint to recover a refund of the $882.20 paid, plaintiff asserts in its closing brief that it is only entitled to interest for the prepayment period, that is, interest at the rate of 6 percent on $882.20 from the time said sum was paid in May 1965 until the total tax for the year 1965 became due on March 15, 1966. (See §§ 26080 and 26081.)

Adverting to the question presented, we first note that section 23151, which actually levies the tax on California corporations, was in no way altered by nor is it a part of Senate Bill No. 5. We also note that section 25441, which was added by the bill, calls for a declaration of estimated tax based on

---

[5]Obviously, the legislators were concerned with this problem when the bill was under consideration. The question as to how many votes were necessary to pass the bill was raised on July 16, 1963 (Senate Journal, 1963 1st Ex. Session, p. 59) and the President ruled that 21 votes were necessary. He said he had opinions from the Legislative Counsel and the Attorney General on the subject. The Legislative Counsel in his opinion seemed convinced that the bill only changed the time of payment and did not impose a tax. The Attorney General stated in his opinion that he believed the courts would hold that the 1963 bill did not "impose" a tax within the meaning of the constitutional section. (Senate Journal, 1963 First Ex. Sess., pp. 106-107.)

the "tax imposed by this part"; that is, a declaration of an estimate of a tax *already imposed* by the Revenue and Taxation Code. Further, the bill itself shows that it was not the intent of the Legislature to impose any new tax on corporations. Section 30 of the bill reads in part: "In enacting this act the Legislature does not intend to impose any new tax on banks or corporations or to change the rate or measure of the taxes on banks or corporations."[6]

Considering the obvious intent of the Legislature and the fact that the Senate bill does not establish any new tax rates or call for the creation of any new tax base for California corporations, we agree with defendant that the subject legislation was not passed in violation of article XIII, section 16 of the California Constitution. ▮ We base this conclusion on the established rule of construction that the presumption is always in favor of the constitutionality of a statute, and the invalidity of an act of the Legislature must be clear and unquestionable before the statute will be declared unconstitutional. (*Dittus* v. *Cranston,* 53 Cal.2d 284, 286 [1 Cal.Rptr. 327, 347 P.2d 671]; *Lundberg* v. *County of Alameda,* 46 Cal.2d 644, 652 [298 P.2d 1]; *El Dorado Oil Works* v. *McColgan,* 34 Cal.2d 731, 744 [215 P.2d 4]; *Lockheed Aircraft Corp.* v. *Superior Court,* 28 Cal.2d 481, 484 [171 P.2d 21, 166 A.L.R. 701]; *San Francisco* v. *Industrial Acc. Com.,* 183 Cal. 273, 279 [191 P. 26]; *L. B. Foster Co.* v. *County of Los Angeles,* 265 Cal.App.2d 24, 27 [71 Cal.Rptr. 16]; *Clark* v. *City of Pasadena,* 102 Cal.App.2d 198, 205 [227 P.2d 306].)

▮ As stated in *San Francisco, supra,* "courts should not and must not annul, as contrary to the constitution, a statute passed by the legislature, unless it can be said of the statute that it positively and certainly is opposed to the constitution." (183 Cal. at p. 279.) This rule is applicable to the instant case. ▮ We are also persuaded to this conclusion by the corrollary rule of construction that constitutional limitations on the taxing power of the Legislature must be strictly construed against the limitation (*Delaney* v. *Lowery,* 25 Cal.2d 561, 568 [154 P.2d 674]), and by the rationale of the *Beacham* case, *supra,* which, although it in no way construes the California Constitution, is nevertheless instructive

---

[6]Section 30 also reflects the concern of the Legislature with the constitutional provision since it states: "It is further declared that in the event that the measure receives less than two-thirds vote in either house, its provisions will be applicable to the extent possible under the provisions of Section 16 of Article XIII of the Constitution."

as an indication of the view taken by a primary federal tax forum on the subject of estimated taxes.

 It is our conclusion, therefore, that the bill in question does not as a matter of law levy a tax in violation of the California Constitution, and that, accordingly, the trial court was justified in granting defendant's motion. The payment in question is merely an advance payment of a portion of what plaintiff estimated its tax would be for the following year. Nor is plaintiff entitled to interest because the payment was made in advance. The liability of the state for the payment of interest does not exist unless it is provided for by statute. (*People* v. *Union Oil Co.*, 48 Cal.2d 476, 480 [310 P.2d 409].) With respect to the payment of the estimated tax, interest is paid and allowed by statute only where there is a credit or refund of an *overpayment* of the tax. (§ 26081.) In the present case the amount paid did not amount to an overpayment.

### Other Considerations

In view of our determination that the original 1963 legislation does not levy a tax, it is not necessary to decide whether this appeal is moot because section 25563 calling for the payment of an estimated tax in 1965 was again passed in 1965 by more than two-thirds vote of each house of the Legislature.[7] For the same reason we need not decide defendant's contention that even if the disputed legislation imposes a tax on corporations, the constitutional restriction requiring a two-thirds vote applies only to the *original* imposition of a tax on corporations and not to amendments which might increase or otherwise change the tax on corporations.[8]

The judgment is affirmed.

Sims, J., and Elkington, J., concurred.

On January 20, 1969, the opinion was modified to read as printed above.

---

[7]The reenactment became effective after the time of the tax payment involved in this case. However, the section as repassed does speak of 1965 payments and would seem to have application to payments for that year.

[8]We note that no authority for this proposition is cited.