DONNIE R. DAVIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Davis v. Commissioner
Docket No. 10278-86.
United States Tax Court
T.C. Memo 1988-490; 1988 Tax Ct. Memo LEXIS 520; 56 T.C.M. (CCH) 455; T.C.M. (RIA) 88490; October 11, 1988; As amended October 17, 1988 Donnie R. Davis, pro se. Gary L. Bloom, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioner's Federal income taxes for the taxable years 1980, 1981, and 1982 and additions to tax as follows: Additions to Tax
Year
Deficiency
6651(a)(1) [1]
6653(a) [2]
6653(a)(1)
6653(a)(2)
1980
$  9,224.60
$ 2,311.15
$ 462.23
1981
13,622.00
3,405.50
$ 681.10
*
1982
12,221.00
3,055.25
611.05
*
Additions to Tax
Year
6654
6661(a)
1980
$   590.84
1981
1,043.79
1982
1,189.81
[3] $ 1,222.10
*523 After concessions by both parties, the issues remaining for our decision are: (1) whether petitioner is entitled to use the joint return rates provided in section 1(a) in computing his Federal income tax liabilities; (2) whether the costs of bulldozing, adding gravel, and installing a septic tank on the site of petitioner's mobile home constitute business-use-of-the-home expenses or moving expenses; (3) whether petitioner is entitled to deduct medical expenses incurred by his spouse during 1982; (4) whether petitioner's failure to file timely Federal income tax returns for 1980, 1981, and 1982 was due to reasonable cause and not due to willful neglect within the meaning of section 6651(a)(1); (5) whether any part of the underpayment of tax for 1980, 1981, and 1982 was due to negligence or intentional disregard of the rules and regulations within the meaning of section 6653(a) for 1980 and sections 6653(a)(1) and and (2) for 1981 and 1982; (6) whether petitioner is liable for the addition to the tax under section 6654(a) for failure to make estimated tax payments during taxable years 1980, 1981, and 1982; and (7) whether petitioner is liable for an addition to the tax under section *524 6661(a) for taxable year 1982. FINDINGS OF FACT Some of the facts of this case have been stipulated and are so found. The stipulation of facts and accompanying exhibits are incorporated by this reference. Petitioner, Donnie R. Davis, was a resident of Apache, Oklahoma, at the time of the filing of the petition in this case. Petitioner did not file Federal income tax returns for the taxable years 1980, 1981, or 1982. Petitioner timely filed a Federal income tax return for the taxable year 1979. During the taxable years in issue, petitioner and his wife conducted a waterbed business out of their mobile home. The business was operated out of the living room, kitchen, and bedroom of the mobile home. These rooms were also used for personal living. In preparing the site to which petitioner moved his mobile home, petitioner incurred costs of bulldozing, adding gravel, and installing a septic tank. On November 14, 1982, petitioner's wife gave birth to a child. In connection with the birth, petitioner, as guarantor of the medical expenses for his wife, incurred $ 782.51 in medical expenses at Commanche County Memorial Hospital in Lawton, Oklahoma. Petitioner did not pay *525 for these expenses in 1982. During the taxable years 1980, 1981, and 1982, petitioner was employed by Parker Drilling Company. Petitioner received compensation from Parker Drilling Company in 1980, 1981, and 1982 in the amounts of $ 32,786.94, $ 41,325.23, and $ 40,869.81, respectively. With the advice of a tax consultant, Mr. Thomas Erickson, petitioner filed an "exempt" Form W-4 and, therefore, did not have Federal income taxes withheld from his wages, nor did he file Federal income tax returns for 1980, 1981, and 1982. Mr. Erickson advised petitioner that filing a Federal income tax return as an act of Communism because no tax liability exists except on gold and silver. The Commissioner issued a notice of deficiency to petitioner for the taxable years in issue. He determined that petitioner had unreported income of $ 32,786.94 for 1980, $ 41,325.23 for 1981, and $ 40,869.81 for 1982. To calculate the deficiencies for each year, the Commissioner used a married filing separately rate allowing four exemptions each year totalling $ 4,000. The Commissioner then imposed additions to tax under sections 6651(a)(1), 6653(a), 6653(a)(1), 6653(a)(2), 6654, and 6661(a). OPINION
*526 Filing Status
Petitioner claims his income tax liability should be calculated by use of the joint income tax rates. However, petitioner has failed to file a Federal income tax return for 1980, 1981, and 1982. A joint return must be filed in order to elect joint return treatment. Phillips v. Commissioner,86 T.C. 433, 441 n.7 (1986), affd. on this issue and revd. on another issue 851 F.2d 1492 (D.C. Cir. 1988); Thompson v. Commissioner,78 T.C. 558, 561 (1982). As petitioner did not file a Federal income tax return in 1980, 1981, and 1982, petitioner's tax liability may not be calculated by using the joint income tax rates.
Deductibility of Expenses
Petitioner has the burden of proving that he is entitled to the deductions he claims. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). Petitioner contends that the expenses incurred in preparing the site to which he moved his mobile home are either business-use-of-the-home expenses or moving expenses. Moving expenses are those expenses which constitute qualified residence sale, purchase, or lease expenses. Sec. 217(b)(1)(E). Section 217(b)(2) defines *527 qualified residence purchase expenses as only those reasonable expenses incident to the purchase of a new residence which would otherwise be chargeable to the adjusted basis of the new residence. Some expenses which may qualify for the deduction are attorney fees, escrow fees, appraisal fees, title costs, and points paid not representing interest. Sec. 1.217-2(b)(7)(ii), Income Tax Regs. We do not find that petitioner's expenses are properly classifiable as moving expenses. Petitioner alternatively argues that the expenses could be classified as business-use-of-the-home expenses and, therefore, are deductible under section 280A. Section 280A(a) provides that no deduction is allowed with respect to the personal residence of a taxpayer. Section 280A(c)(1)(A) provides that section 280A(a) shall not apply if a portion of the taxpayer's personal residence is used exclusively on a regular basis as the principal place of business for the taxpayer's trade or business. The taxpayer must use a portion of his residence exclusively for a business purpose. Goldberger, Inc. v. Commissioner,88 T.C. 1532, 1556-1557 (1987). [4] Petitioner testified that his mobile home was *528 used for personal as well as business use. Petitioner has failed to demonstrate that any portion of his residence was used exclusively for business purpose and, therefore, his claimed deductions are denied. The cost of preparing petitioner's mobile home site are neither qualified moving expenses nor do they fall in an exception to the general disallowance of business-use-of-the-home expenses. These expenses represent nondeductible capital expenditures which must be added to the adjusted basis of petitioner's property. Sec. 263(a). Petitioner claims that he is entitled to deduct in 1982 medical expenses incurred in connection with the birth of his child. If petitioner had paid these expenses in 1982 and could substantiate payment, he would be allowed a deduction. However, a statement from Commanche County Memorial Hospital presented into evidence, reflects all pertinent information regarding treatment received and payments made in connection with the hospital stay, but lacks a date of when payment was made. In addition, petitioner cannot remember when he made the payment. He testified that it was paid *529 in cash sometime in 1982. No further documentary evidence was offered. We find that petitioner has failed to sustain his burden of proof as to this issue and that payment of the medical expenses was not made in 1982. Therefore, petitioner is not entitled to deduct the medical expenses in 1982.
Additions to Tax
The Commissioner determined that petitioner was liable for additions to tax under sections 6651(a)(1), 6653(a), 6653(a)(1), 6653(a)(2), 6654, and 6661(a). Petitioner bears the burden of proving that the Commissioner's determinations were incorrect. Rule 142(a); Welch v. Helvering, supra.
Section 6651(a)(1) provides for an addition to tax in the case of a failure to file a timely Federal income tax return unless such failure was due to reasonable cause and was not due to willful neglect. Sec. 301.6651-1(a)(1), Proced. & Admin. Regs. Petitioner contends that reasonable cause exists in his reliance on his tax consultant's advice. Petitioner's tax consultant, Mr. Thomas Erickson, advised petitioner not to file Federal income tax returns because to do so was an act of communism, based upon Mr. Erickson's opinion that there was no tax liability *530 except on gold and silver. We find that petitioner's reliance upon Mr. Erickson's advice was unreasonable. In United States v. Boyle,469 U.S. 241, 251 (1985), the Supreme Court stated that where a tax advisor counsels erroneously that no return need be filed, such reliance, in certain instances, can constitute reasonable cause. Reasonable cause may exist when it can be shown that the taxpayer was not competent to discern error in the substantive advice. The Supreme Court goes on to state, "By contrast, one does not have to be a tax expert to know that tax returns have fixed filing dates and that taxes must be paid when they are due." United States v. Boyle, supra at 251. Petitioner was fully aware of his obligation to file Federal income tax returns for 1980, 1981, and 1982. This is evidenced by the fact that petitioner filed a Federal income tax return for 1979. Therefore, petitioner's reliance upon Mr. Erickson's advice not to file Federal income tax returns for 1980, 1981, and 1982 does not constitute reasonable cause. Petitioner alternatively argues that he is not constitutionally required to file a Federal income tax return. We find that *531 petitioner's tax protester argument has no merit. Willis v. Alexander,575 F.2d 495 (5th Cir. 1978); Walker v. United States,240 F.2d 601 (5th Cir. 1957), affg. 143 F.Supp. 566 (N.D. Tex. 1956). We sustain the section 6651(a)(1) addition to tax. Section 6653(a) and section 6653(a)(1) impose an addition to tax in the amount of 5 percent of an underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of the rules and regulations. Section 6653(a)(2) imposes a further addition to tax in an amount equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence. Negligence is defined as a failure to exercise the due care that a reasonable and ordinarily prudent person would under the circumstances. Marcello v. Commissioner,380 F.2d 499, 506 (5th Cir. 1967); Neely v. Commissioner,85 T.C. 934, 947 (1985). Petitioner has the burden of proving that his underpayment of tax was not attributable to negligence or intentional disregard of the rules and regulations but rather was due to reasonable cause. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). *532 We find that not only did petitioner unreasonably rely upon erroneous tax advice, he also intentionally disregarded the rules and regulations by failing to file Federal income tax returns for the years 1980, 1981, and 1982. Petitioner filed a timely Federal income tax return for 1979, showing his awareness of the filing requirements. However, with Mr. Erickson's advice, petitioner did not file a Federal income tax return for the years 1980, 1981, and 1982. In addition, petitioner intentionally disregarded the rules and regulations by filing an "exempt" Form W-4 with his employer, Parker Drilling. Such actions by petitioner were in complete disregard of the rules and regulations. Because petitioner intentionally disregarded the rules and regulations, the addition to tax applies. Journal Co. v. Commissioner,46 B.T.A. 841 (1942). [5] The argument that wages are not income has been repeatedly dismissed by the courts as frivolous. Olson v. United States,760 F.2d 1003 (9th Cir. 1985); Gattuso v. Pecorella,733 F.2d 709 (9th Cir. 1984); United States v. Romero,640 F.2d 1014 (9th Cir. 1981). *533 Section 6654 provides for the mandatory imposition of an addition to tax for underpayment of estimated tax. Petitioner has the burden of proof and must show that the addition to tax does not apply. Reasonable cause will not shelter a taxpayer from imposition of this addition to tax. Estate of Roe v. Commissioner,36 T.C. 939 (1961); Estate of Ruben v. Commissioner,33 T.C. 1071 (1960). Petitioner failed to make estimated tax payments during the taxable years 1980, 1981, and 1982. Petitioner introduced no evidence to establish that any of the statutory exceptions apply. Therefore, the addition to the tax must stand. Section 6661 provides for an addition to tax for a substantial understatement of income tax liability. An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return, or $ 5,000. Sec. 661(b)(1))A). It is clear that petitioner's understatement was substantial. Section 6661(b)(2)(B) provides for a reduction of the amount of the understatement where there is or was substantial authority for the treatment of an item by the taxpayer or if the tax treatment is adequately disclosed *534 in the return. The adequate disclosure provision is not applicable as petitioner did not file a 1982 Federal income tax return. Petitioner contends that substantial authority exists because he sought and obtained a legal opinion from Mr. Erickson regarding his tax liability. Section 1.6661-3(b)(2), Income Tax Regs., provides the specific types of authority which will be considered authority for the purpose of determining whether there is or was substantial authority for the tax treatment of an item. This regulation specifically excludes as authority legal opinions rendered by other tax professionals. Thus, any reliance by petitioner upon the advice of Mr. Erickson does not constitute substantial authority. In 1983, section 6661(a) provided for an addition to tax equal to 10 percent of the underpayment of tax attributable to a substantial understatement of income tax. The amount was subsequently increased to 25 percent by section 8002(a) of Pub. L. 99-509, 100 Stat. 1951. This increased rate applies to all additions to tax assessed after October 21, 1986. Pallottini v. Commissioner,90 T.C. 498 (1988). Respondent filed an amended Answer seeking an increase in *535 the addition to tax under section 6661(a) in the amount of $ 1,833.15 for taxable year 1982. Pursuant to section 6214(a), we sustain the addition to tax in the amount of $ 3,055.25. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the relevant years, and Rule references are to the Rules of Practice and Procedure of this Court. ↩
2. Sec. 6653(a) was amended by sec. 722(b) of the Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 172, 342. Sec. 6653(a) became sec. 6653(a)(1) and sec. 6653(a)(2) was added. The substantive provisions of sec. 6653(a) and sec. 6653(a)(1) as amended remain unchanged and do not affect our calculations. Amended secs. 6653(a)(1) and (2) apply to taxes due after Dec. 31, 1981. ↩
*. 50 percent of the interest due on $ 13,622.00 for the taxable year 1981 and $ 12,221.00 for the taxable year 1982. ↩
3. The Commissioner determined that the understatement of tax by petitioner was substantial under sec. 6661 and imposed an addition to tax equal to 10 percent of the underpayments attributable to such understatement. Subsequent to the date of the notice of deficiency, sec. 6661 was amended by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 1504(a), 100 Stat. 2085, 2743, increasing the addition to tax to 20 percent of the underpayment attributable to the understatement. The Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, sec. 8002(a), 100 Stat. 1874, 1951, [Text Deleted by Court Emendation] increased the addition to tax from 20 percent to 25 percent. This increased rate applies to all additions to tax assessed after Oct. 21, 1986. Pallottini v. Commissioner,90 T.C. 498↩ (1988). Respondent by amendment to Answer, sought to increase the additional to tax under 6661(a) from 10 percent to 25 percent for the taxable year 1982. 4. Crawford v. Commissioner,T.C. Memo. 1982-121↩. 5. McKissack v. Commissioner,T.C. Memo. 1969-105↩.