**Arther G. BARKLEY, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 23991.**

United States Court of Appeals Ninth Circuit.

Nov. 18, 1969.

---

Arther G. Barkley, in pro per.

John S. Stephen (argued), Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Thomas L. Stapleton & Ann E. Belanger, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before BARNES and TRASK, Circuit Judges, and PLUMMER,* District Judge.

* Hon. Raymond E. Plummer, Chief Judge, U. S. District Court, Anchorage, Alaska, sitting by designation.

PER CURIAM.

This case is before us for a second time. On the first appeal, we reversed the Tax Court's determination that a 5% penalty for negligence and intentional disregard of regulations should be assessed against this petitioner under I.R.C. § 6653(a). (C.T. p. 51.) We then affirmed the Tax Court's finding of a deficiency of $471.78 in taxes paid by appellant for the calendar year 1964.

The Tax Court vacated its earlier decision, and the case was reheard in Washington on January 8, 1969; judgment was entered for $471.78, which reflected a computation entered on October 29, 1968 by the Commissioner. This appeal followed. Our jurisdiction rests upon 26 U.S.C. § 7484.

Petitioner asserts he is withholding part of the federal income tax due from him for the calendar year 1964 because his constitutional rights have been violated with respect to a dispute with a union and various other public and private entities. (App.Br. and C.T. pp. 89–99.) We recognize the difficulties a layman such as Mr. Barkley meets in pursuing legal remedies in propria persona, particularly in the complex area of federal taxation. The undisputed facts disclose that the income was earned by him, and the tax unpaid and due. We so previously held, and that holding is the law of the case. Mr. Barkley declares he will not pay the tax because of his unsettled non-tax disputes. He asserts that certain unions violated his constitutional rights, and that the Commissioner and Tax Court further violated his constitutional rights when they refused to hear all about his dispute with the union. We ask Mr. Barkley to recognize that the Internal Revenue Laws rest upon a constitutional footing. (16th Amend. U. S. Const.) We respectfully suggest that he consider the chaos that would be created if each citizen were to withhold his obligations to the Government pending the settlement of other disputes against either governmental or private parties. They must be considered elsewhere, if at all, and not by this court.

The decision of the Tax Court is affirmed.

The petitioner's "Motion to Mend the Briefs" heretofore "received" by the Clerk of this Court is ordered filed, and the motion denied.