Noel Tancred Escofil v. Commissioner.
Escofil v. Commissioner
Docket Nos. 5004-68, 499-71, 1959-71.
United States Tax Court
T.C. Memo 1971-131; 1971 Tax Ct. Memo LEXIS 201; 30 T.C.M. (CCH) 578; T.C.M. (RIA) 71131; June 8, 1971, Filed. Noel Tancred Escofil, pro se, 699 N. Broad St., Philadelphia, Pa. Howard W. Gordon, for the respondent. TANNENWALD
Memorandum Opinion TANNENWALD, Judge: Respondent determined deficiencies in petitioner's income taxes for the indicated calendar taxable years as follows: Year
Deficiency
1966
$171.07
1967
470.36
1968
489.75
Three issues require decision: (1) deduction of a loss resulting from an alleged illegal seizure of property; (2) deduction of certain taxes; and (3) credit for withheld social security taxes. Some of the facts have been stipulated and are found accordingly. Petitioner had his legal *203 residence in Philadelphia, Pennsylvania, at the time of the filing of the petition herein. He filed timely Federal income tax returns for the taxable years in question on a cash basis with the district director of internal revenue, Philadelphia, Pennsylvania. At all times pertinent, petitioner was an employee of third parties. In addition, it appears that he was and is the author and publisher of certain written materials constituting visual aids for educational purposes, some of which appear to have been copyrighted. We find it unnecessary to dwell upon the various facets of this activity of petitioner in order to determine whether he was, in fact, engaged in a trade or business for his own account. As will subsequently become apparent, even if petitioner was so engaged, he is not entitled to the claimed deductions. Apparently, at various times, some or all of petitioner's materials were seized by petitioner's landlord for nonpayment of rent. The precise manner and times of such seizures, either during the years at issue or in other years or both, is not entirely clear from the record before us. This lack of clarity, however, has no significance because of the grounds upon which *204 we rest our decision herein. We assume, without deciding, that petitioner's activities constituted a trade or business within the meaning of section 162 [1] and that the materials in question were in 579 fact seized during the years in issue. We have serious doubts as to whether the acts of seizure in question can properly be the basis for a deduction, either as a casualty or otherwise, but, again, resolution of this issue is not necessary. Petitioner concedes that the out-of-pocket expenditure constituting the cost of such materials was nominal. He asserts, however, that his loss should either be measured by the amount which he would have been able to earn had the seizures not occurred or should be equated with compensation by the Government for the many years of discrimination which he believes his race has suffered at the hands of society in violation of the United States Constitution. He has accordingly valued his claimed losses at $9,000 for 1966 $11,236.72 for 1967, [2] and $11,198.70 for 1968. We were impressed with petitioner's honesty as a witness and the complete sincerity with which he pressed his claims but, however we may sympathize or even agree with petitioner's *205 political or religious philosophy, [3] his claimed deductions cannot be allowed. As to petitioner's first ground, he is essentially contending that he should be allowed a loss of anticipated earnings. Aside from the fact that petitioner furnished us with no probative evidence from which such loss of earnings could be determined, it has long been settled that a cash basis taxpayer cannot obtain a deduction for the imputed value of services which he has not been required to report as income. See Ernest L. Rink, 51 T.C. 746, 753 (1969); cf. Palmer Hutcheson, 17 T.C. 14 (1951). [4] Nor does petitioner's second ground afford him any basis for deduction. The presence or absence of alleged unconstitutional *206 governmental or societal action, unrelated to the taxing statute itself, simply has no bearing on the question before us. Cf. Barkley v. Commissioner, 418 F. 2d 575 (C.A. 9, 1969), affirming per curiam a Memorandum Opinion of this Court; United States v. Keig, 334 F. 2d 823, 826 (C.A. 7, 1964); Swallow v. United States, 325 F. 2d 97 (C.A. 10, 1963); William E. Palmer, 52 T.C. 310 (1969); Abraham J. Muste, 35 T.C. 913, 919 (1961). For 1966, petitioner deducted $331.73 as "personal property taxes." This amount consisted of $235.40 withholding of taxes on petitioner's wages pursuant to section 3402 and $96.33 similarly withheld FICA (social security) taxes. As to the first item, it has been stipulated that the amount specified (as well as the amounts of $340.01 and $378.20 withheld from wages under section 3402 for 1967 and 1968, respectively) has been refunded to petitioner by virtue of his having taken *207 the same as a credit under section 31. Petitioner is not entitled to deduct this amount. Section 275(a)(1)(C). As to the second item, section 275(a)(1)(A) expressly precludes a deduction for FICA taxes. For each of the taxable years in question, petitioner claimed a credit against his income taxes for the amount of FICA taxes withheld from his wages. Since petitioner does not appear to be entitled under section 6413(c)(1) (dealing with taxpayers having two or more employers) to any special refund of FICA taxes withheld, section 31(b) (dealing with credits for such refunds) is inapplicable. There is no other provision of the Internal Revenue Code permitting any credit for such taxes. The constitutionality of the taxing provisions of the Social Security Act is beyond question. See William E. Palmer, supra, 52 T.C. 310, at p. 313. Decisions will be entered for the respondent. 580 Footnotes
1. All references are to the Internal Revenue Code of 1954, as amended. ↩
2. In stipulated Exhibit 5-B, $1,192.00 of this amount has been labelled as "Rental of Business Property" and $43.47 as "Tools and Supplies," but petitioner has made no separate claim with respect to these items nor did he offer any specific evidence with respect thereto. ↩
3. Petitioner furnished the Court with numerous quotations from the Old and New Testaments in support of his position.↩
4. See also Bernard M. Rice, T.C. Memo. 1967-54; Ralph S. Clark. T.C. Memo. 1966-22; Jack Shapiro, T.C. Memo. 1961-118; W. M. Bostick [Dec. 22,680(M)], T. C. Memo. 1957-220↩.