**Noel Tancred ESCOFIL, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

**Nos. 71–1719 to 71–1721.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) June 13, 1972.

Decided June 26, 1972.

Noel Tancred Escofil, pro se.

Fred B. Ugast, Meyer Rothwacks, Department of Justice, Tax Division, Washington, D. C., for appellee.

Before SEITZ, Chief Judge, and VAN DUSEN and ADAMS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Noel Tancred Escofil ("taxpayer") appeals from a Tax Court decision sustaining income tax deficiencies assessed against him by the Internal Revenue Service ("the Service") for the years 1966 through 1968. See TCM 1971–131. Taxpayer raises here basically the same

contentions argued before the Tax Court.

■ His first assertion is that he should be permitted deductions to the extent of income allegedly lost due to the seizure by taxpayer's landlord of certain equipment used by taxpayer in his capacity as an educator. Taxpayer concedes that the cost of the equipment was nominal. Nevertheless, he attempts to justify deductions totaling approximately $31,500 over the three-year period in question. His theory is that this figure represents the anticipated earnings lost as a result of the landlord's distraint. We join the Tax Court in acknowledging taxpayer's sincerity in pressing for these deductions. However, we must follow the settled precedent denying a cash basis taxpayer any deduction for the loss of anticipated receipts which the taxpayer will never be required to report as income. See Ernest L. Rink, 51 T.C. 746, 753 (1969).

■■ The second deduction attempted by taxpayer and denied by the Service involved withholding and FICA taxes deducted from taxpayer's wages during the 1966–1968 period. Deductions for FICA taxes are expressly precluded by § 275(a) (1) (A). And, since taxpayer applied his 1966–1968 withholding taxes as credits against his respective income tax obligations for these years, § 275(a) (1) (C) prevents him from also deducting these taxes on his annual returns.

■ Taxpayer's final contention concerns his alleged right to credit against income taxes owed for each year between 1966 and 1968 the FICA taxes withheld from his wages during the same periods. Section 31(b) is the only provision which authorizes credits for such taxes. And, since taxpayer does not appear to be entitled to any refund of FICA taxes under the special circumstances covered by § 6413(c) (1) (taxpayer with two or more employers within a single tax year), section 31(b) is not applicable.

The decision of the Tax Court will be affirmed.