Howard L. CHAPMAN

v.

Donald C. ALEXANDER, Commissioner of Internal Revenue, et al.

Civ. A. No. 760808.

United States District Court,
W. D. Louisiana,
Shreveport Division.

Oct. 18, 1976.

Taylor W. O'Hearn, Shreveport, La., for plaintiff.

Donald E. Walter, U. S. Atty., and Francis O. Allen, Asst. U. S. Atty., Shreveport, La., Donald J. Gavin, Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendants.

DAWKINS, Senior District Judge.

## RULING ON DEFENDANTS' MOTION TO DISMISS

Plaintiff, Howard L. Chapman, a well-to-do Shreveport podiatrist, here seeks to sue the United States upon his claim that his constitutional right to freedom of religion is being breached. Initially we raised the issue *sua sponte* whether a three-judge court should be convened to hear the constitutional argument plaintiff raises. In light of the jurisprudence and the bar against granting either an injunction or a declaratory judgment here (as discussed *infra*), we find no need to convene a three-judge court to consider defendants' motion to dismiss. *McDonald v. Board of Election Comm'rs of Chicago,* 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969); *Bailey v. Patterson,* 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); *Ex Parte Poresky,* 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933); Wright, *Law of Federal Courts* 2d, section 50, p. 192.

In late March or early April, 1976, plaintiff filed with the Internal Revenue Service an application for exemption from taxes on self-employment income and a waiver of benefits (IRS Form 4029), seeking exemption from the tax on his self-employment income (including Social Security taxes), expressly abandoning all amounts theretofore paid into the plan, and waiving any benefits accruing thereunder. The Internal Revenue Service Center in Austin, Texas, denied plaintiff's application " . . . because you did not indicate that you are a member of any religious group and you omitted the name, title, and address of an authorized spokesman for your religious group."

Pursuant to 26 U.S.C. § 1402(h), a conscientious objector may be exempted from paying certain federal taxes if enumerated prerequisites are met.[1] Plaintiff contends

---

1. "(h) Members of certain religious faiths.—

(1) Exemption.—Any individual may file an application (in such form and manner, and with such official, as may be prescribed by regulations under this chapter) for an exemption from the tax imposed by this chapter if he is a member of a recognized religious sect or division thereof and is an adherent of established tenets or teachings of such sect or division by reason of which he is conscientiously opposed to acceptance of the benefits of any private or public insurance which makes payments in the event of death, disability, old-age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act). Such exemption may be granted only if the application contains or is accompanied by—

(A) such evidence of such individual's membership in, and adherence to the tenets or teachings of, the sect or division thereof as the Secretary or his delegate may require for purposes of determining such individual's compliance with the preceding sentence, and

(B) his waiver of all benefits and other payments under titles II and XVIII of the Social Security Act on the basis of his wages and self-employment income as well as all such benefits and other payments to him on the basis of the wages and self-employment income of any other person,

and only if the Secretary of Health, Education, and Welfare finds that—

(C) such sect or division thereof has the established tenets or teachings referred to in the preceding sentence,

(D) it is the practice, and has been for a period of time which he deems to be substantial, for members of such sect or division thereof to make provision for their dependent members which in his judgment is reasonable in view of their general level of living, and

(E) such sect or division thereof has been in existence at all times since December 31, 1950.

An exemption may not be granted to any individual if any benefit or other payment referred to in subparagraph (B) became payable (or, but for section 203 or 222(b) of the Social Security

that by exempting certain religious sects and not exempting others (including his) that his constitutional rights are being violated. He makes no claim to being a member of any such religious sect.

There was some confusion as to our jurisdiction to hear and decide this issue. Defendants mistakenly assumed plaintiff was relying upon Section (a)(1) of 28 U.S.C. § 1346, which allows taxpayers to sue for recovery of ". . . any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . .." It is clear, however, that we have jurisdiction under 28 U.S.C. § 1346(a)(2).[2]

■ The real issue here is whether § 1401 of Title 26 is indeed a tax. The chapter of the Internal Revenue Code in which that section is found is entitled "Tax on Self-employment Income," and the catch line of § 1401(a) is styled "Old age, survivors, and disability insurance." This portion of the statute itself makes it clear that § 1401 definitely is a tax to provide a fund for later payment of those types of benefits. Cf., Helvering v. Davis, 301 U.S. 619, 57 S.Ct. 904, 81 L.Ed. 1307 (1937); Walker v. United States, 240 F.2d 601 (5th Cir., 1957), cert. denied 354 U.S. 939, 77 S.Ct. 1402, 1 L.Ed.2d 1538 (1957).

■ Plaintiff claims he is not seeking injunctive relief; but the jurisprudence treats an action for an injunction and one for a declaratory judgment synonymously where a taxpayer seeks exemption from paying taxes. The applicable injunctive statute here is 26 U.S.C. § 7421(a),[3] and the relevant declaratory judgment statute is 28 U.S.C. § 2201.[4] These statutes have been

the subjects of considerable litigation. In Enochs v. Williams Packing Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), a two-pronged test was established to determine whether injunctive or declaratory relief may be granted in an action seeking exemption from a tax. Both prongs of the test must be met before an injunction or declaratory judgment may be issued.

The first is that the Court must find that under no circumstances could the Government prevail. In several recent cases taxpayers have challenged the constitutionality of 26 U.S.C. § 1402(h). In all, the Courts have upheld the constitutionality of the statute, and thus it appears that the Government indeed stands an excellent chance of prevailing here. Escofil v. C. I. R., 376 F.Supp. 521 (E.D.Pa., 1974), aff'd, 493 F.2d 1400 (3rd Cir., 1974); Palmer v. Commissioner, 52 T.C. 310 (1969).

The second prong of the test is that equitable jurisdiction must be present. Bob Jones University v. Simon, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974), held there was no equitable jurisdiction in the Court where the action was brought since the taxpayer could contest his claim in the Tax Court or could seek a refund in the Court of Claims or in a District Court after paying the tax. Here plaintiff could follow the same judicial route if the tax were assessed and collected under protest.

Quite recently, in McCabe v. Alexander, 526 F.2d 963 (5th Cir., 1976), that Court summarized the law in this area:

"The Anti-Injunction Act, 26 U.S.C. § 7421(a), provides that 'no suit for the purpose of restraining the assessment or

Act, would have become payable) at or before the time of the filing of such waiver."

**2.** 28 U.S.C. § 1346(a): "The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

"(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress . . . .."

**3.** 26 U.S.C. § 7421(a): ". . . no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is

the person against whom such tax was assessed."

**4.** 28 U.S.C. § 2201: "In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

collection of any tax shall be maintained in any court . . . .' The Supreme Court in *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962) fashioned a single exception to this otherwise clearly prohibitive language. The Court held an injunction proper only where (1) it is clear that under no circumstances could the Government ultimately prevail on the merits of its claim; and (2) equity jurisdiction otherwise exists. *Accord, Lange v. Phinney,* 5 Cir. 1975, 507 F.2d 1000. *In evaluating the parties' assertions against these standards, the court must view the facts in the light most favorable to the Government. Enochs, supra,* at 7–8, 82 S.Ct. at 1129, 8 L.Ed.2d at 296–297. *Lange, supra,* at 1003, 1006. [Emphasis added.]

"After examining the briefs and record, we conclude that the plaintiff has failed to meet the heavy burden of demonstrating that under no circumstances could the Government prevail. McCabe does not challenge the fact that he owed the taxes set forth in the August, 1973 Tax Court opinion. Rather, he claims that for some unrevealed reason, the Government, after having reached a settlement with the taxpayer, simply abated all of his tax liability. He seeks to portray the Service as Santa Claus rather than its more normal characterization as Scrooge. We doubt that the Government is as generous as McCabe would have us believe. Clearly, the Internal Revenue Service's explanation that it abated the earlier assessment in order to assert, in a new assessment, the lesser amount due under the Tax Court decision makes taxpayer's contention sufficiently debatable so that we cannot conclude that 'under no circumstances could the Government prevail.' Consequently, without intimating any view as to the ultimate resolution of the merits, we hold that the District Court properly rejected taxpayer's prayer for injunctive relief.

"McCabe's claim to declaratory relief is similarly barred. The Declaratory Judgment Act, 28 U.S.C. § 2201 excepts any 'case . . . with respect to Federal Taxes.' In *Bob Jones University v. Simon,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974) the Supreme Court noted that '[t]he congressional antipathy for premature interference with the assessment or collection of any federal tax also extends to declaratory judgments.' *Id.* at 732 n.7, 94 S.Ct. at 2044 n.7, 40 L.Ed.2d at 507 n.7. The Court added that among the cases it surveyed [t]here is no dispute . . . that the federal tax exception to the Declaratory Judgment Act is at least as broad as the Anti-Injunction Act.' *Id.* Having found the Anti-Injunction Act applicable, we necessarily conclude that no declaratory relief is available." P. 965.

For these reasons, the defendants' motion to dismiss plaintiff's claim must be, and is, hereby granted; and the action hereby is dismissed. A proper decree for our execution shall be submitted by Government counsel within five days hereof.