ELMARS P. EZERINS and GLORIA J. EZERINS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ezerins v. Commissioner
Docket No. 3842-83.
United States Tax Court
T.C. Memo 1984-261; 1984 Tax Ct. Memo LEXIS 417; 48 T.C.M. (CCH) 107; T.C.M. (RIA) 84261; May 14, 1984. Elmars P. Ezerins, pro se. Steven R. Guest, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $1,606 in petitioners' Federal income taxes for 1980. The deficiency resulted from the determination that petitioners had unreported interest income, which they have not contested, and from disallowance of an alleged theft loss. FINDINGS OF FACT Petitioners were residents of Wisconsin at the time they filed their petition herein. Prior to January 1980, Mr. Ezerins (petitioner) purchased silver (not silver clad) coins for cash. The total face value of the coins purchased was approximately $1,500. He generally paid between 10 and 35 percent over the face value *418 of the coins. He did not maintain records of the coins purchased. The coins were kept in petitioner's home under his bed and in a small unlocked filing cabinet.
In early January 1980, petitioner received a telephone call from a police officer who stated that a neighborhood boy by the name of Dave had been picked up by the police and had in his possession a large quantity of coins. Dave was a friend of petitioner's son and had stayed in petitioner's home overnight on a couple of occasions. Petitioner had been identified as a possible source of the coins. Petitioner then discovered that his coins were missing. Upon learning that the face value of the coins then in Dave's possession was only approximately $300, petitioner decided not to press charges against Dave. He did, however, speak to Dave's mother.Dave's mother told petitioner that petitioner's son had come to the house and tried to intimidate Dave with a gun. Petitioner then decided to abandon his attempt to recover the coins because of the small amount involved. On their income tax return for 1980, petitioners claimed a theft loss of $8,566. A statement attached to the return calculated a loss of $51,390 based on the *419 per ounce price of silver as of January 5-7, 1980. According to that statement, petitioners decided to spread that loss over 6 years. OPINION Section 165 [1] allows a deduction for a loss from theft discovered during the taxable year to the extent that such loss exceeds $100 and is not reimbursed by insurance. The amount of the loss for this purpose is the lesser of the fair market value of the property immediately before the loss or the adjusted basis of the property. Sec. 1.165-8, Income Tax Regs. Petitioner has the burden of proving his entitlement to the deduction. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
It appears that the market value of silver coins in January 1980 was substantially higher than the face value of the coins or petitioner's cost basis in the coins. Petitioners contend that they are entitled to deduct the market value of the coins. The applicable law, however, limits their deduction to their cost. Sections 165(b), 1011, *420 1012. There is no authority for or merit to petitioners' assertion that a different rule applies to silver coins. Petitioners cannot use the untaxed appreciated value of the coins in arriving at a loss to be offset against their taxable income. See Escofil v. Commissioner,464 F.2d 358, 359 (3d Cir. 1972), affg. a Memorandum Opinion of this Court; Gabsa v. Commissioner,T.C. Memo. 1982-48. Petitioner's testimony in this case, although vague, does satisfy his burden of proving that he had coins and that he sustained a loss by theft discovered in 1980. The absence of adequate records, however, makes it difficult to determine his basis in the stolen coins. Our duty, therefore, is to make as close an approximation as we can of his loss, weighing heavily against the taxpayer because the inexactitude is of his own making. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). Reviewing and weighing petitioner's testimony, we conclude that he is entitled to a theft loss deduction of $1,700 ($1,800 cost less $100). [2]
*421 Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue.↩
2. Only the year 1980 is before us in this case. It seems obvious, however, that petitioner may not claim a theft loss in any other year in relation to the coins discovered missing in 1980.↩