MICHAEL E. POLLAK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pollak v. Commissioner
Docket No. 5509-81.
United States Tax Court
T.C. Memo 1984-597; 1984 Tax Ct. Memo LEXIS 83; 49 T.C.M. (CCH) 78; T.C.M. (RIA) 84597; November 9, 1984. *83 P claimed a deduction for FICA taxes paid by himself and his wife. P also claimed a deduction for miscellaneous business expenses. P's 1978 Federal income tax return was received after the due date. Held: (1) P may not deduct FICA taxes. Escofil v. Commissioner,464 F.2d 358 (3d Cir. 1972), affg. per curiam a Memorandum Opinion of this Court, followed. (2) P's miscellaneous business expenses determined. (3) P is liable for the addition to tax under sec. 6651(a), I.R.C. 1954, for failure to file tax return timely. (4) P is liable for the addition to tax under sec. 6653(a), I.R.C. 1954, for negligence or intentional disregard of rules and regulations. *85 Michael E. Pollak, pro se. Brian Kawamoto, for the respondent. SIMPSON MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $626 in the petitioner's Federal income tax for 1978, an addition to tax of $31 pursuant to section 6651(a) of the Internal Revenue Code of 1954, [1] and an addition to tax of $65 pursuant to section 6653(a). After concessions, the issues for decision are: (1) Whether the petitioner is entitled to a deduction for FICA taxes; (2) whether the petitioner is entitled to deduct certain business expenses; (3) whether the petitioner is liable for an addition to tax under section 6651(a) for failure to file a tax return timely; and (4) whether the petitioner is liable for an addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, Michael Pollak, was a legal resident of Ventura, Calif., when he timely filed *86 his petition in this case. He and his wife, Charla J. Pollak, filed a joint Federal income tax return for 1978 with the Internal Revenue Service Center, Fresno, Calif. The return was received by the Fresno service center on May 11, 1979. During 1978, the petitioner was employed by the Automobile Club of Southern California as an insurance adjuster. On his Federal income tax return for 1978, he claimed a deduction for Social Security taxes in the amount of $1,345.00. During 1978, $1,025.52 in FICA taxes were withheld on the petitioner's wages and $318.78 in FICA taxes were withheld on his wife's wages. On his 1978 return, the petitioner also claimed a miscellaneous deduction for unreimbursed business expenses in the amount of $693. The petitioner did not seek reimbursement from his employer for any of the items deducted as business expenses. During 1978, his employer did have a reimbursement policy whereby expenses directly related and necessary to the attendance of a business meeting of a trade organization would be reimbursed. The reimbursement policy specifically provided that dues to any social, athletic, or sporting club would not be reimbursed. In his notice *87 of deficiency, the Commissioner disallowed the deduction for FICA taxes since such taxes may not be claimed as a deduction. He also disallowed the petitioner's claimed business expense deduction since the petitioner had not established that such expenses were paid or incurred during the taxable year and that the expenses were ordinary and necessary to the petitioner's business. The Commissioner also determined that the petitioner was liable for the addition to tax under section 6651(a) for failure to file a return timely and the addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. OPINION The first issue for decision is whether the petitioner is entitled to a deduction for FICA taxes. Section 275(a)(1)(A) specifically disallows a deduction for the tax imposed by section 3101 (relating to the tax on employees under the Federal Insurance Contributions Act). Escofil v. Commissioner,464 F.2d 358, 359 (3d Cir. 1972), affg. per curiam a Memorandum Opinion of this Court. Accordingly, the petitioner is not entitled to any deduction for FICA taxes. The second issue for decision is whether the petitioner is entitled *88 to deduct certain business expenses. The petitioner has the burden of disproving the Commissioner's determination. Rule 142(a), Tax Court Rules of Practice and Procedure[2]; Welch v. Helvering,290 U.S. 111 (1933). During the audit of the petitioner's 1978 return, he submitted a receipt for $13.15 from Loyola Marymount Book Store. According to the auditor's notes, such receipt was the only receipt submitted by the petitioner to substantiate his claimed business expense deduction. At trial, the petitioner claimed that he submitted other receipts during the audit, but the auditor's notes contradict the petitioner. At trial, the petitioner admitted that the $693 deducted on his 1978 return as a business expense was made up of items generally costing less than $5 each and that during 1978 he did not keep receipts or make diary entries for such items. The petitioner further testified that he based the figure of $693 on certain receipts, which he did not have at trial, and on what he termed "the average cost on a daily basis." The petitioner explained that his "daily average" *89 was composed of the cost of a daily newspaper, an insurance business magazine subscription costing around $12, the cost of certain trade manuals, and dues of between $15 and $20 for membership in an insurance adjusters association. Section 162 provides a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business," including the trade or business of an employee. McGowan v. Commissioner,67 T.C. 599, 611-612 (1976); Primuth v. Commissioner,54 T.C. 374, 377 (1970). On the other hand, section 262 denies a deduction for any personal, living, or family expenses. When both sections may be applicable, section 262 takes precedence over section 162. Commissioner v. Idaho Power Co.,418 U.S. 1, 17 (1974); Sharon v. Commissioner,66 T.C. 515, 522 (1976), affd. per curiam 591 F.2d 1273 (9th Cir. 1978). The distinction between trade or business expenses on the one hand and personal expenses on the other is necessarily based on a weighing and balancing of the facts and circumstances in each case. R.R. Hensler, Inc. v. Commissioner,73 T.C. 168, 176-177 (1979); *90 Cardozo v. Commissioner,17 T.C. 3, 7 (1951). The petitioner has the burden of showing that a particular expense is not a personal, living, or family expense. Sharon v. Commissioner,66 T.C. 523; Henry v. Commissioner,36 T.C. 879, 884 (1961).In addition, where an employer has a plan for reimbursing certain employee expenses, and when the employee does not seek such reimbursement, the failure to claim reimbursement results in the disallowance of a deduction for such expenses. See Lucas v. Commissioner,79 T.C. 1, 7 (1982); Stolk v. 40 T.C.345, 356 (1963), affd. per curiam 326 F.2d 760 (2d Cir. 1964); Podems v. Commissioner,24 T.C. 21, 22-23 (1955). In the present case, for the most part, the petitioner has utterly failed to carry his burden of proof. Rule 142(a). Where the petitioner has shown that he was entitled to some deduction, we will endeavor to apply the rule in Cohan v. Commissioner,39 F.2d 540, 544 (2d Cir. 1930), bearing heavily against the petitioner "whose inexactitude is of his own making." The petitioner testified that *91 he purchased a daily local newspaper in order to somehow evaluate automobiles.Generally, the cost to an individual of a daily newspaper of general circulation is inherently a nondeductible personal expenditure. Sec. 262; Wallendal v. Commissioner,31 T.C. 1249, 1252 (1959). [3] On the record before us, we are unable to determine how the petitioner used a daily newspaper in his job as an insurance adjuster. Obviously, a general circulation newspaper contains a good deal of information which is inherently of a personal nature. The petitioner did not testify as to how he used the newspapers in his job, nor did he testify that he did not, to some extent, buy a daily newspaper for personal reasons. Accordingly,he has failed to prove that any portion of the cost of the newspaper is deductible. The petitioner did testify that during 1978 he had a subscription to an insurance business *92 magazine, that he subscribed to the magazine in order to better perform his job and to keep up with current practices, and that he was not reimbursed by his employer. An insurance magazine is not inherently personal, and the petitioner did testify specifically concerning the fact that he subscribed to the magazine in order to maintain or improve skills required of him in his employment. See secs. 1.162-5(a)(1), 1.162-6, Income Tax Regs. Accordingly, we hold that the petitioner is entitled to a $12 deduction for the cost of the insurance magazine subscription. The petitioner did not testify with respect to the receipt for $13.15 from Loyola Marymount Book Store. For such reason, we are unable to determine the nature of that expenditure, and we hold that such amount is not deductible by the petitioner. Rule 142(a). The petitioner testified that during 1978 he paid dues of between $15 and $20 to an insurance adjuster's association and that he was not reimbursed by his employer. Dues to professional societies are deductible as business expenses. Secs. 1.162-6, 1.162-15(c), Income Tax Regs. However, where an employee would have been reimbursed but fails to claim reimbursement, *93 no deduction is allowable. Lucas v. Commissioner,79 T.C. at 7; Stolk v. Commissioner,40 T.C. at 356; Podems v. Commissioner,24 T.C. at 22-23. We have reviewed the written reimbursement policy of the petitioner's employer which was submitted as an exhibit in this case, and we believe such reimbursement policy does cover dues to professional societies. Thus, the cost of such dues is not deductible by the petitioner, and we hold that he may not deduct any amount for professional dues. The petitioner has failed to prove that he incurred any additional business expenses. Rule 142(a); Welch v. Helvering,supra.
The third issue for decision is whether the petitioner is liable for an addition to tax under section 6651(a) for failure to timely file a tax return. Section 6072(a) requires returns made on the basis of the calendar year to be filed on or before the 15th day of April following the close of the calendar year.Section 6651(a) imposes an addition to tax on a taxpayer who fails to file a timely return unless it is shown that such failure was due to reasonable cause and not due to willful neglect. The petitioner *94 bears the burden of proving that the addition to tax does not apply. Rule 142(a); Ehrlich v. Commissioner,31 T.C. 536, 540 (1958). In the present case, the petitioner presented no evidence as to this issue. The petitioner's 1978 Federal income tax return was received by the Fresno service center on May 11, 1979. Accordingly, the Commissioner's determination is sustained. The fourth issue for decision is whether the petitioner is liable for an addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. Sections 6653(a) provides an addition to tax of 5 percent of the underpayment of tax if any portion of such underpayment is due to negligence or to an intentional disregard of rules and regulations. The petitioner bears the burden of proving that the addition to tax does not apply. Rule 142(a); Bixby v. Commissioner,58 T.C. 757, 791 (1972). The petitioner presented no evidence to prove that the underpayments in this case were not due to negligence or intentional disregard of rules and regulations. In deducting FICA taxes paid by himself and his wife, the petitioner intentionally or *95 negligently disregarded section 275(a)(1)(A), which specifically disallows a deduction for FICA taxes. He also intentionally or negligently disregarded regulations directly on point. Secs. 1.275-1, 1.164-2(a), Income Tax Regs. Accordingly, we hold that the petitioner has failed to prove that no part of his underpayment of tax for 1978 was due to negligence or to an intentional disregard of rules and regulations. In his brief submitted at the time of trial, the petitioner requests that damages totaling $15,000 be assessed against the Commissioner. However, we have no authority to assess damages against the Commissioner. Section 7430 does provide us with the authority to require the Commissioner to reimburse a petitioner for certain litigation costs under certain circumstances, but that section does not authorize the type of damages requested by the petitioner in this case. Moreover, the grounds given by the petitioner for claiming such damages no longer existed at the time of trial. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during 1978.↩
2. Any reference to a Rule is to the Tax Court Rules of Practice and Procedure.↩
3. Hall v. Commissioner,T.C. Memo. 1980-419, affd. without published opinion 659 F.2d 1073 (5th Cir. 1981); Bothke v. Commissioner,T.C. Memo. 1980-1, affd. without published opinion 667 F.2d 1030↩ (9th Cir. 1981).