T.C. Summary Opinion 2001-165

UNITED STATES TAX COURT

WILLIAM L. AND AUDREY K. TRACE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11657-00S.                    Filed October 16, 2001.

William L. Trace, pro se.

Dustin M. Starbuck, for respondent.

POWELL, Special Trial Judge:  This case was heard pursuant
to the provisions of section 7463.[1]  The decision to be entered
is not reviewable by any other court, and this opinion should not
be cited as authority.

Respondent determined a deficiency of $3,150 in petitioners'
1998 Federal income tax.  The issue is whether petitioners are
entitled to deduct the 10-percent additional tax on early

---

[1]    Subsequent section references are to the Internal Revenue
Code in effect for the year in issue.

distributions paid pursuant to section 72(t).  Petitioners resided in Milford, Virginia, at the time they filed their petition.

The facts are not in dispute and may be summarized as follows.  Petitioner William L. Trace received distributions in the amount of $114,500 from a qualified retirement plan to which the additional tax ($11,450) under section 72(t) applied. Petitioners do not dispute that the additional tax applied to the distributions or the amount of the additional tax.  Petitioners contend, however, that they are entitled to a deduction on their 1998 Federal income tax return in the amount of the additional tax under section 164.

The tax for which the deduction here is claimed arises under section 72(t).  Section 72(t) provides that if a taxpayer receives a distribution from a qualified retirement plan "the taxpayer's tax under this chapter * * * shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income."  The chapter referred to in section 72(t) pertains to income taxes.

Section 164(a) provides, in pertinent part:

> SEC. 164(a). General Rule.--Except as otherwise provided in this section, the following taxes shall be allowed as a deduction for the taxable year within which paid or accrued:
>
>> (1) State and local, and foreign, real property taxes.

(2) State and local personal property taxes.

(3) State and local, and foreign, income, war profits, and excess profits taxes.

(4) The GST tax imposed on income distributions.

(5) The environmental tax imposed by section 59A.

In addition, there shall be allowed as a deduction State and local, and foreign, taxes not described in the preceding sentence which are paid or accrued within the taxable year in carrying on a trade or business or an activity described in section 212 (relating to expenses for production of income). * * *

Section 164(a) does not mention Federal income taxes. On the other hand, section 275(a)(1) provides, inter alia, that no deduction shall be allowed for Federal income taxes. It is, therefore, clear that petitioners may not deduct the tax imposed by section 72(t). See Escofil v. Commissioner, 464 F.2d 358 (3d Cir. 1972), affg. T.C. Memo. 1971-131; White v. Commissioner, T.C. Memo. 1979-6.

Petitioners claim that the instruction booklet ("1040 Forms and Instructions") they used in the preparation of their return is misleading. Putting aside the point that the statute is clear and is controlling, the instructions to which petitioners refer clearly provides that a taxpayer may not deduct Federal income taxes.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered
for respondent.